DISTRICT COURT OF THE UNITED STATES
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANDREW CONWAY, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> SAM LICATA, *et al.*, <br><br> Defendants | Docket Number <br><br> 1:13-cv-12193-WGY |

**MEMORANDUM IN SUPPORT OF THE MOTION OF THE PLAINTIFFS TO ALLOW ALTERNATE SERVICE ON THE DEFENDANTS PURSUANT TO FED R. CIV. P. 4(e)**

NOW COME the Plaintiffs and submit this memorandum of law in support of their motion for alternate service of process.

**Facts**

This case arises out of the claims of Andrew and Liana Conway, Massachusetts residents, which have been brought against the Defendants, Phoenix Stone, Sybil Hall, and a number of companies that the individual defendants Stone and Hall own and control ("the Stonehall Companies"). The Defendants used systematic subterfuge, fraud, false pretenses to bilk the Plaintiffs out of approximately $1.7 million (see, generally, complaint). Liana Conway is a singer songwriter who is building her career as an artist. Andrew Conway is the father of Liana Conway. The Plaintiffs hired the Defendants to provide a multitude of musical services in furtherance of Ms. Conway's musical career. These funds were supposed to be spent to further Liana Conway's career, but the Plaintiffs have sent learned that the funds were converted by the Defendants to their own use, including the use of such funds to promote Phoenix Stone's career. The Defendants are all residents of the state of California.

Prior to filing this action, the Plaintiffs, through their counsel David Herlihy, had discussions with Attorney Ken Burry[1], the Defendants' attorney, regarding the Plaintiffs' claims. Aff. Herlihy. Attorney Burry represented himself as representing the Defendants both at that time and in later discussions with Attorney Baker. Aff. Baker, ¶ 31; Aff. Herlihy. After those discussions failed to settle the Plaintiffs' claims, the Plaintiffs filed this action on or about September 4, 2013, see generally, docket sheet.

Phoenix Stone and Sybill Hall have active and current E-mail addresses, pstoneemail@aol.com and sybilhall@aol.com. Aff. Herlihy. As recently as May 13, 2013, Attorney Burry sent documents to Attorney Herlihy, Phoenix Stone, and Sybil Hall in furtherance of the pre-filing negotiations. Aff. Herlihy.

Since that time, the Plaintiffs have attempted to serve process on the Defendants without success. The Plaintiffs researched online, specifically with the California Secretary of State, to determine the Defendants' address. Aff. Baker, ¶ 8-10. The Plaintiffs' research (and the Plaintiffs' personal knowledge) suggested that the individual Defendants and all of the LLC Defendants except for Stonehall Entertainment, LLC, were located at 2451 E Horse Shoe Canyon Road, Los Angeles, California, 90046. Stonehall Entertainment, LLC ("Stonehall Entertainment"), according to the Secretary of State of California, has a principal place of business at a principal place of business at 10989 Bluffside Drive, Suite 3207, Studio City, California, 91604. Aff. Baker, ¶ 8-10. After researching the "Bluffside address", the Plaintiffs learned that that address is once again merely a private for-hire mailbox company.

In reliance on the Secretary of State's records, on or about September 11, 2013, the Plaintiffs sent Notices of Lawsuit and Waivers of Service forms to each of the Defendants by

---

[1] Attorney Burry works for Hirsch Wallertsein Hayum Matlof Fishman, LLP, 1011 Santa Monica Boulevard, Suite 1700, Los Angeles, California, 90067.

certified mail, return receipt requested, and first class mail. Aff. Baker, ¶11-14. On or about September 30, 2012, all of the mailings except those to Stonehall Entertainment, LLC, were returned. Aff. Baker, ¶11-13. The returned mail indicated that the entities were not located at that address and that there were no forwarding addresses. Aff. Baker, ¶11-13. The mailings to Stonehall Entertainment have not been returned but the return receipt was also never sent back to the Plaintiffs. Aff. Baker, ¶ 11-14. Presumably, Stonehall Entertainment never received the mailings. Aff. Baker, ¶14.

After failing to receive back any executed waivers of service, the Plaintiffs hired a process server in California who attempted to serve the summonses and complaints on the Defendants at those addresses in accordance with Fed. R. Civ. P. 4. Aff. Baker, ¶15-18. The process server reported back that he spoke with an individual currently living at the East Horse Shoe Canyon Road address who said that the Defendants have no longer resided there for years but that he still receives mail for them occasionally. Aff. Baker, ¶16. He did not have a forwarding address for the Defendants.

The Plaintiffs have had no success finding other addresses where the Defendants might be. Aff. Baker, ¶35. During their discussions with Attorney Burry prior to suit, the Plaintiffs learned that the Defendants maintain an address at "suite 1416", 3940 Laurel Canyon Boulevard, Studio City, California, 91604. Aff. Baker, ¶ 20-21. However, this address is a company called "Studio City Mailboxes" and is merely a post office box. Aff. Baker, ¶ 21. The Defendants bank with Wells Fargo, but the account address is the same Laurel Canyon Boulevard address. Aff. Baker, ¶ 22. The Plaintiffs hired a private investigator in California who says that the addresses that the Plaintiffs have are incorrect. Aff. Baker. Attorney Baker hired an attorney to perform a real estate title search to find property that they own and has also hired a private investigator to

search the real estate records in California. Aff. Baker, ¶23.  After a due and diligent search by an out of state attorney, a private investigator, attorney Jeffrey S. Baker, and a California process server, there is no known address for any of the defendants.

The Defendants have not assisted with the Plaintiffs' efforts even though they are in contact through counsel. The Plaintiffs called Attorney Ken Burry on two occasions. Aff. Baker, ¶25-34. During the first phone call, Attorney Burry identified himself as counsel for the Defendants and said that he would speak with the Defendants about accepting service. Attorney Burry informed Baker that he was in contact with the Defendants Sibyll Hall, Phoenix Stone and the "Stonehall companies" they control would return Baker's call and indicate whether he would accept service on behalf of the Defendants. Aff. Baker, ¶25-34. Attorney Baker later followed up with Attorney Burry and left him another email message again asking about acceptance of service of process, but attorney Burry has not responded. Aff. Baker, ¶ 25-34. On information and belief, after Baker contacted Attorney Burry and informed him of the commencement of suit against the Defendants, shortly thereafter the Defendants removed certain information from their websites indicating where they were performing and would be located in the near future. It is thus believed that the Defendants are avoiding service of process.

**Argument**

This Court has the authority to authorize service on defendants located outside of the judicial district in manners other than the normal, customary prescribed method service of a summons and complaint. Under Fed. R. Civ. P. 4(e)(1) and (h), the Court may modify the service of process on both individuals and corporations:

> Unless federal law provides otherwise, an individual... may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made....Fed. R. civ. Pro 4(e)(1).

In turn, Fed. R. civ. Pro 4(h) authorizes service of process upon a corporation in the same manner as Fed. R. Civ. Pro 4(e)(1):

> (h) SERVING A CORPORATION, PARTNERSHIP, OR ASSOCIATION. Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
> (1) in a judicial district of the United States:
>
> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual.

Local law of either Massachusetts or California therefore governs service on out-of-state defendants[2]. See also Garcia Pujol v. U.S. Life Ins. Co., 396 F.2d 430, 431 (1st Cir. 1969). Massachusetts law permits service on individuals outside of the commonwealth "as directed by the court" so long as the method is "reasonably calculated to give actual notice" to the defendants. M.G.L. c. 223A, § 6(a)(5).

Mass R. civ. Pro 4 also grants the Court the authority to modify sercie where the circumstances justify such a modification. This applies to both individuals and corporations. With respect to individuals, Mass. R. Civ. Pro 4(d)(1) provides in pertinent part:

> **(d) Summons: Personal Service Within the Commonwealth.** The summons and a copy of the complaint shall be served together. The plaintiff shall furnish the person making service with such copies as are necessary. Service shall be made as follows:
>
> **(1)** Upon an individual by delivering a copy of the summons and of the complaint to him personally; or by leaving copies thereof at his last and usual place of abode; or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by statute to receive service of process, provided that any further notice required by such statute be given. *If the person authorized to serve process makes return that after diligent search he can find neither the defendant, nor defendant's last and usual abode, nor any agent upon whom service may be made in compliance with this subsection, the court may on application of the plaintiff issue an order of notice in*

---

[2] California law also permits service by publication. See Cal. Code Civ. P. § 415.50.

> *the manner and form prescribed by law.* (emphasis added). See Mass R.Civ. Pro. 4(d)(1).

Moreover, with respect to corporations, Mass. R. civ. Pro 4(d)(2) provides that if a Plaintiff cannot make adequate service on a corporation, such plaintiff may seek from the Court an order of notice:

> **(2)** Upon a domestic corporation (public or private), a foreign corporation subject to suit within the Commonwealth, or an unincorporated association subject to suit within the Commonwealth under a common name: by delivering a copy of the summons and of the complaint to an officer, to a managing or general agent, or to the person in charge of the business at the principal place of business thereof within the Commonwealth, if any; or by delivering such copies to any other agent authorized by appointment or by law to receive service of process, provided that any further notice required by law be given. *If the person authorized to serve process makes return that after diligent search he can find no person upon whom service can be made, the court may on application of the plaintiff issue an order of notice in the manner and form prescribed by law*. Mass. R. civ. Pro 4(d)(2). (emphasis added).

The Plaintiffs have demonstrated that they have attempted to find the Defendants' address in numerous ways: by searching online, by hiring a private investigator, by hiring an attorney to conduct a title search, by having a constable attempt service on their last and usual abode, and by asking their attorney to accept service on their behalf. In each instance, the Plaintiffs' attempts have been rebuffed or futile, and the only conclusion is that the Defendants are avoiding service.

Serving the summonses and complaints on the Defendants' attorney will ensure that they receive actual notice of the case. (In point of fact, they likely already have actual notice of the case because Attorney Baker, in his phone call with Attorney Burry, informed him that the case

had been filed, Aff. Baker, ¶25-34.) Service by publication will similarly give them actual notice of this action.

The Defendants have "a duty to avoid unnecessary expenses of serving the summons." Fed. R. Civ. P. 4(d)(1). To date, they have failed to do so, despite having actual knowledge of this suit. The Plaintiffs therefore seek their costs and fees arising out of their attempts to learn where the Defendants are located, to serve the summonses and complaints on them, to prepare and file this motion, and to send the summonses and complaints to their attorney and publicize the filing of the suit. After numerous attempts to serve the defendants for approximately 45 days, and given the fact that the attorney for the Defendants has actual notice of the complaint and has failed in any way to respond to either acceptance of service of process or providing the Plaintiffs the address of the Defendants, it has become clear that the Defendants are taking steps to avoid service. The grant of costs including attorney's fees under these circumstances is appropriate.

## Conclusion

For the foregoing reasons, the Plaintiffs request the stated relief. The plaintiffs seek the modification of the service rules by this Honorable Court in accordance with Mass. R. Civ. Pro 4(d)(1) and (2), as well as an order of publication both in accordance with Mass. R. Civ. Pro 4 and the Cal. Code Civ. P. § 415.50. The Plaintiffs also submit herewith a proposed order that further identifies the relief sought.

Respectfully submitted,

ANDREW CONWAY and
LIANA CONWAY,

by their attorneys,

/s/ Jeffrey S. Baker
Jeffrey S. Baker
BBO No. 544929
Baker & Assoc., P.C.
Two West Hill Place, Suite 100
Boston, MA 02114
Ph: 617-573-9505
Fax: 617-573-9503
E-mail: bakerlaw@aol.com

and

/s/ Patrick M. Groulx
Patrick M. Groulx
BBO No. 673394
Polis Legal
P.O. Box 760656
Melrose, MA 02176
Ph: 978-549-3124
Fax: 617-500-9955
E-mail: pgroulx@polislegal.com