UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ANDREW CONWAY, LILIANA CONWAY
d/b/a ZEKE THE ZEBRA,

        Plaintiffs

v.

SAM LICATA a/k/a PHOENIX STONE;
SYBIL HALL a/k/a SBYILL LICATA;
STONEHALL ENTERTAINMENT, LLC, a California
Limited Liability Company;
STONEHALL MERCHANDISE, LLC, a California
Limited Liability Company;
STONEHALL MUSIC PUBLISHING, LLC, a California
Limited Liability Company;
STONEHALL RECORDS, LLC, a California
Limited Liability Company;
STONEHALL TELEVISION, LLC, a California
Limited Liability Company; and
STONEHALL TOURING, LLC, a California
Limited Liability Company,

        Defendants

Docket No.:
1:13-cv-12193-WGY

## ANSWER AND AFFIRMATIVE DEFENSES

    Defendants Sam Licata, Sybil Hall, Stonehall Entertainment, LLC, Stonehall
Merchandise, LLC, Stonehall Music Publishing, LLC, Stonehall Records, LLC, Stonehall
Television, LLC, and Stonehall Touring, LLC (collectively "Defendants") answer the numbered
paragraphs of the Plaintiffs' Complaint as follows[1]:

---

[1] Unless otherwise noted, capitalized terms are defined in the Plaintiffs' Complaint.

## Parties

1.      Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this Paragraph.

2.      Denied. Answering further, upon information and belief, Ms. Conway resides in Nashville, Tennessee.

3.      Defendants deny that Stone resides in California.  Defendants admit the remaining allegations in this paragraph.

4.      Defendants deny that Hall resides in California.  Defendants admit the remaining allegations in this paragraph.

5.      Admitted.

6.      Admitted.  Answering further, this company was formed in 2009 but never operated.

7.      Admitted.

8.      Admitted.

9.      Admitted. Answering further, this company was formed in 2009 but never operated.

10.     Admitted. Answering further, this company was formed in 2009 but never operated.

11.     Admitted.

12.     Admitted.

## Jurisdiction

13.     This paragraph consists solely of conclusions of law to which no response is required.

14.     This paragraph consists solely of conclusions of law to which no response is required.

15.     Denied.

16.     This paragraph consists solely of conclusions of law to which no response is required.

17.     Denied.

18.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this Paragraph.

## Claims for Relief

### Count I – Fraud and Negligent Misrepresentation Against All Defendants

19.     Defendants incorporate herein their responses to all foregoing paragraphs.

20.     Denied.

21.     Denied.

22.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this Paragraph.

23.     This paragraph contains conclusions of law and Plaintiffs' characterizations of their claims, no response is required.  Defendants admit making representations about their experience in the music industry.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in this Paragraph.

24.     This paragraph contains conclusions of law and Plaintiffs' characterizations of their claims, no response is required.  To the extent a response is required, Defendants deny the allegations contained in this paragraph.

**A.  Background.**

25.      Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this Paragraph.

26.      Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this Paragraph.

27.      Admitted.

28.      Denied.

29.      Denied.  Answering further, Hall and Stone manage the Stonehall Records.

30.      Defendants deny that Ms. Conway composed all the songs she performed. Answering further, Stone co-wrote or wrote virtually all of the songs Ms. Conway performed and released all songs she put into marketplace the record called "Sunrise," the six-song EP called "No Turning Back," and the single "Beautiful Day."

31.      Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this Paragraph.

32.      Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations that Ms. Conway spoke to Hall and Stone from Massachusetts. Defendants admit the remaining allegations in this paragraph.

33.      Admitted.

34.      Admitted.

35.      Denied.

36.      Denied.

37.      Denied.  Answering further, the parties had an agreement that was memorialized on or about January 27, 2012 in the Operating Agreement of Great Lines, LLC.

4

**B.  [Defendants deny the allegations in the title of this section]**

38.     Defendants admit that they participated in numerous phone calls with Plaintiffs in or around June 2010.  Defendants deny that they misrepresented their experience, connections and influence in the music industry.

39.     Denied.

40.     Admitted.

41.     Denied.  Answering further, Defendants told the Plaintiffs that Ke$ha is a close family friend.

42.     Admitted.

43.     Admitted.

44.     Denied.

45.     Defendants deny the first sentence of this paragraph and admit the second sentence of this paragraph.

46.     Admitted.

47.     Admitted.

48.     Denied.

49.     Admitted.

50.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

51.     Admitted.

52.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

53.     Denied. Answering further, Mr. Greg told the Plaintiffs that he did not sign Ms. Conway because she needed more development.

54.     Denied.

55.     Admitted.

56.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

57.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

**C.   [This title contains conclusions of law, to which no response is required. To the extent the title makes factual allegations, Defendants deny the allegations in the title of this section.]**

58.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

59.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Admitted.

64.     Defendants admit that from 2010 through June 2011, they agreed they not be fully compensated for the services they provided in connection with Ms. Conway's career.  Answering further, from July 2011 through August 2012 the parties agreed that Mr. Conway would pay Defendants $25,000 per month, a portion of which was paid to Defendants as consulting fees.

65.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

66.     Defendants admit that Mr. Conway transferred the funds to them by wire. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations that his bank accounts were located in Massachusetts.

**D.      [This title contains conclusions of law, to which no response is required. To the extent the title makes factual allegations, Defendants deny the allegations in the title of this section.]**

67.     Denied.

68.     Admitted.

69.     Admitted.

70.     Admitted.

71.     Denied. Defendants deny that they discouraged approaching a major label. Defendants admit telling Mr. Conway that major labels spend approximately $750,000 up to $5 million to produce, promote and market a new artist.

72.     Denied.

73.     Denied.

74.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

75.     Admitted.

76.     Admitted.

77.     Admitted.

78.     Defendants admit only that they suggested that Ms. Conway hire a band and that the Plaintiffs agreed.

79.     Defendants admit that they were in charge of the creative design and branding of Ms. Conway's album.  Defendants deny the remaining allegations contained in this.

80.     Admitted. Answering further, the first song on Ms. Conway's album was released on August 9, 2011, and a six-song EP was released in December 2011.  A complete album was then released in August of 2012.

81.     Denied.

82.     Defendants deny that they did not schedule any live performances for Ms. Conway.    Defendants admit the remaining allegations contained in this paragraph.

83.     Denied.  Answering further, Defendants suggested that Ms. Conway release a single in the summer of 2011.

84.     Denied. Answering further, Defendants gathered information from listeners and industry experts to determine which of Ms. Conway's songs to first release.

85.     Denied.

86.     Denied. Answering further, Defendants provided services at a discounted rate based on the agreement among the parties.

87.     Defendants admit that Ms. Conway's album was released in August 2012. Defendants deny the remaining allegations in this paragraph.

**E.   [This title contains conclusions of law, to which no response is required. To the extent the title makes factual allegations, Defendants deny the allegations in the title of this section.]**

88.     Denied.   Answering further, in accordance with Section 16 of the Operating Agreement of Great Lines, LLC, all financial decisions and actions taken by Defendants concerning Ms. Conway's career were authorized by the Board of Directors of Great Lines, LLC

(of which Mr. Conway was the Chair and Plaintiffs make up the majority vote, pursuant to Section 15.04 of the Operating Agreement of Great Lines, LLC).

89.     Admitted.

90.     Admitted.

91.     Denied.

92.     Denied.

93.     Admitted.

94.     Admitted.

95.     Admitted.

96.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations concerning Plaintiffs' state of mind.  Defendants deny the remaining allegations in this paragraph.

97.     Denied.

98.     Denied.  Answering further, Mr. Conway asked Defendants to work exclusively on Ms. Conway's career.  Defendants agreed to this arrangement for $25,000 a month, with expenses for promoting Ms. Conway's career to come from these payments.

99.     Admitted.

100.    Denied.

101.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations concerning Mr. Conway's state of mind. Defendants admit that Mr. Conway paid them $25,000 per month, with expenses for promoting Ms. Conway's career to come from these payments, from July 2011 to August 2012, when he abruptly stopped payments in the middle of the album promotions.

102.    Denied.

**F.  [This title contains conclusions of law, to which no response is required. To the extent the title makes factual allegations, Defendants deny the allegations in the title of this section.]**

103.    Admitted.

104.    Admitted.

105.    Admitted.  Answering further, Ms. Conway requested the third photo shoot.

106.    Denied.   Answering further, in accordance with Section 16 of the Operating Agreement of Great Lines, LLC, all decisions and actions taken by Defendants concerning Ms. Conway's career were authorized by the Board of Directors of Great Lines, LLC (of which Mr. Conway was the Chair and Plaintiffs make up the majority vote, pursuant to Section 15.04 of the Operating Agreement of Great Lines, LLC).

107.    Admitted.

108.    Denied.

109.    Denied.

110.    Defendants deny the Plaintiffs' characterization of the cost of the photo shoot. Defendants admit the remaining allegations in this paragraph.

111.    Admitted. Answering further, Defendants provided services at a discounted rate based on the agreement among the parties.

112.    Admitted. Answering further, Defendants provided services at a discounted rate based on the agreement among the parties.

113.    Admitted.

114.    Denied.  Answering  further,  Defendants  signed  a  contract  with  the  music supervisor  to  provide  a  song  that  Ms.  Conway  would  sign  for  the  film.   Defendants  had  no control over whether the song would actually appear in the final edited version of the film.

115.    Admitted.

116.    Admitted.

117.    Admitted.

118.    Denied.

**G.  [This title contains conclusions of law, to which no response is required. To the extent the title makes factual allegations, Defendants deny the allegations in the title of this section.]**

119.    Denied.

120.    Denied.

121.    Denied.

122.    Denied.

123.    Defendants  admit  the  first  sentence  in  this  paragraph.   Defendants  deny  the remaining allegations of this paragraph.  Answering further, in accordance with Section 16 of the Operating  Agreement  of  Great  Lines,  LLC,  all  decisions  and  actions  taken  by  Defendants concerning Ms. Conway's career were authorized by the Board of Directors of Great Lines, LLC (of which Mr. Conway was the Chair and Plaintiffs make up the majority vote, pursuant to Section 15.04 of the Operating Agreement of Great Lines, LLC).

124.    Denied.

125.    Denied.

126.    Denied.

127.    Denied.

11

128.    Denied.

129.    Denied.

130.    Denied.

131.    Denied.

**H.  [Defendants deny the allegations in the title of this section]**

132.    Denied.

133.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.

134.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.

135.    Denied.

136.    Denied.

137.    Denied.  Answering further, Ms. Conway always had input into the decisions concerning her career.

138.    Denied. Answering further, Defendants consistently provided detailed invoices to Plaintiffs.

139.    Denied.

140.    Denied. Answering further, at Mr. Conway's insistence, the parties entered a written agreement in January of 2012 that was drafted by a Tennessee attorney that Mr. Conway hired.

141.    This paragraph is unclear as to which statements and omissions it references and therefore Defendants cannot admit or deny the allegations in this paragraph. Answering further, Defendants deny making any false statements or omissions to Plaintiffs.

12

142.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.  Answering further, Defendants deny making any false statements or omissions to Plaintiffs.

143.    Denied.

<u>**Count II**</u>
<u>**Breach of Contract and the Covenant of Good Faith and Fair Dealing**</u>
<u>**Against All Defendants**</u>

144.    Defendants incorporate herein their responses to all foregoing paragraphs.

145.    Admitted.

146.    Admitted.

147.    Defendants admit that from 2010 through June 2011, they agreed they not be fully compensated for the services they provided in connection with Ms. Conway's career.  Answering further, from July 2011 through August 2012 the parties agreed that Mr. Conway would pay Defendants $25,000 per month, a portion of which was paid to Defendants as consulting fees.

148.    Admitted.

149.    Admitted.

150.    Denied.

151.    Denied.

152.    Denied.

153.    This paragraph consists solely of conclusions of law to which no response is required.  To the extent this paragraph requires a response, Defendants deny all allegations in this paragraph.

154.    Denied.

## Count III
## Quantum Meruit Against All Defendants

155.     Defendants incorporate herein their responses to all foregoing paragraphs.

156.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.  Answering further, Defendants performed all promised marketing, recording, promotional and other services.

157.     Denied.

158.     Defendants deny that from 2010 through June 2011 they kept any funds from Mr. Conway (with limited exceptions).  Defendants admit that from July 2011 through August 2012 the parties agreed that Mr. Conway would pay Defendants $25,000 per month, a portion of which was paid to Defendants as consulting fees.

159.     This paragraph consists solely of conclusions of law to which no response is required.  To the extent this paragraph requires a response, Defendants deny all allegations in this paragraph.

## Count IV
## Money Had and Received Against All Defendants

160.     Defendants incorporate herein their responses to all foregoing paragraphs.

161.     Defendants admit that they received money from Mr. Conway.  Defendants admit that they agreed to perform services in furtherance of Ms. Conway's career.  To the extent that this paragraph consists of conclusions of law, no response is required.

162.     Denied.

163.     This paragraph consists solely of conclusions of law to which no response is required.  To the extent this paragraph requires a response, Defendants deny all allegations in this paragraph.

164.    This paragraph consists solely of conclusions of law to which no response is required.  To the extent this paragraph requires a response, Defendants deny all allegations in this paragraph.

### Count V
### Unjust Enrichment Against All Defendants

165.    Defendants incorporate herein their responses to all foregoing paragraphs.

166.    This paragraph consists solely of conclusions of law to which no response is required.  To the extent this paragraph requires a response, Defendants deny all allegations in this paragraph.

167.    This paragraph consists solely of conclusions of law to which no response is required.  To the extent this paragraph requires a response, Defendants deny all allegations in this paragraph.

168.    To the extent this paragraph requires a response, Defendants deny all allegations in this paragraph.

169.    This paragraph consists solely of conclusions of law to which no response is required.  To the extent this paragraph requires a response, Defendants deny all allegations in this paragraph.

### Count VI
### Conversion Against All Defendants

170.    Defendants incorporate herein their responses to all foregoing paragraphs.

171.    Defendants admit that they received money from Mr. Conway. Defendants admit that they agreed to perform services in furtherance of Ms. Conway's career.  To the extent that this paragraph consists of conclusions of law, no response is required.

172.    Denied.

173.    Denied.

174.    Admitted.    Answering further, pursuant to Section 4.02 of the Operating Agreement of Great Lines, LLC, Ms. Conway assigned to Great Lines, LLC all rights, titles and interests in the result, products, copyrights, trademarks, and merchandising of Ms. Conway's activities in the entertainment industry, and proceeds thereof.   Moreover, pursuant to Section 4.03, Ms. Conway and Great Lines, LLC assigned to Stonehall Records, LLC all rights, titles, and interest in and to all sound recordings and any reproductions and duplications thereof.   Thus, Plaintiffs alone had no legal interest in said materials.

175.    Admitted.    Answering further, pursuant to Section 4.02 of the Operating Agreement of Great Lines, LLC, Ms. Conway assigned to Great Lines, LLC all rights, titles and interests in the result, products, copyrights, trademarks, and merchandising of Ms. Conway's activities in the entertainment industry, and proceeds thereof.   Moreover, pursuant to Section 4.03, Ms. Conway and Great Lines, LLC assigned to Stonehall Records, LLC all rights, titles, and interest in and to all sound recordings and any reproductions and duplications thereof.   Thus, Plaintiffs alone had no legal interest in said materials.

176.    This paragraph consists solely of conclusions of law to which no response is required.   To the extent this paragraph requires a response, Defendants deny all allegations in this paragraph.

177.    This paragraph consists solely of conclusions of law to which no response is required.   To the extent this paragraph requires a response, Defendants deny all allegations in this paragraph.

178.    Denied.

16

**Count VII**
**Copyright Infringement Pursuant to Title 17 USC Against All Defendants**

179.   Defendants incorporate herein their responses to all foregoing paragraphs.

180.   Admitted.

181.   Admitted.

182.   Admitted.

183.   Defendants admit that Plaintiffs attempted to revoke any copyright licenses that existed between Plaintiffs and Defendants.  Answering further, pursuant to Section 4.02 of the Operating Agreement of Great Lines, LLC, Ms. Conway assigned to Great Lines, LLC all rights, titles and interests in the result, products, copyrights, trademarks, and merchandising of Ms. Conway's activities in the entertainment industry, and proceeds thereof.  Moreover, pursuant to Section 4.03, Ms. Conway and Great Lines, LLC assigned to Stonehall Records, LLC all rights, titles, and interest in and to all sound recordings and any reproductions and duplications thereof.  Thus, the Plaintiffs had no legal right to revoke any copyright or other licenses.

184.   Admitted.   Answering further, pursuant to Section 4.02 of the Operating Agreement of Great Lines, LLC, Ms. Conway assigned to Great Lines, LLC all rights, titles and interests in the result, products, copyrights, trademarks, and merchandising of Ms. Conway's activities in the entertainment industry, and proceeds thereof.  Moreover, pursuant to Section 4.03, Ms. Conway and Great Lines, LLC assigned to Stonehall Records, LLC all rights, titles, and interest in and to all sound recordings and any reproductions and duplications thereof.  Thus, the Plaintiffs had no legal interest in said materials.

185.   This paragraph consists solely of conclusions of law to which no response is required.  To the extent this paragraph requires a response, Defendants admit that Ms. Conway's performances continue to be distributed.  Defendants deny all remaining allegations in this

paragraph. Answering further, pursuant to Section 4.02 of the Operating Agreement of Great Lines, LLC, Ms. Conway assigned to Great Lines, LLC all rights, titles and interests in the result, products, copyrights, trademarks, and merchandising of Ms. Conway's activities in the entertainment industry, and proceeds thereof. Moreover, pursuant to Section 4.03, Ms. Conway and Great Lines, LLC assigned to Stonehall Records, LLC all rights, titles, and interest in and to all sound recordings and any reproductions and duplications thereof. Thus, the Plaintiffs had no legal interest in said materials.

186.    This paragraph consists solely of conclusions of law to which no response is required. To the extent this paragraph requires a response, Defendants deny the allegations contained in this paragraph. Answering further, pursuant to Section 4.02 of the Operating Agreement of Great Lines, LLC, Ms. Conway assigned to Great Lines, LLC all rights, titles and interests in the result, products, copyrights, trademarks, and merchandising of Ms. Conway's activities in the entertainment industry, and proceeds thereof. Moreover, pursuant to Section 4.03, Ms. Conway and Great Lines, LLC assigned to Stonehall Records, LLC all rights, titles, and interest in and to all sound recordings and any reproductions and duplications thereof. Thus, the Plaintiffs had no legal interest in said materials.

187.    Admitted.

188.    Admitted.

189.    Admitted.

190.    Admitted.

191.    Admitted.

192.    Denied.

193.    Denied.

194.     Denied.

## Count VIII
## Defamation Against All Defendants

195.     Defendants incorporate herein their responses to all foregoing paragraphs.

196.     Denied.

197.     Admitted.

198.     Admitted.

199.     Denied.

200.     Denied.

## Count IX
## Breach of Fiduciary Duty Against All Defendants

201.     Defendants incorporate herein their responses to all foregoing paragraphs.

202.     This paragraph consists solely of conclusions of law to which no response is required.

203.     This paragraph consists solely of conclusions of law to which no response is required.  To the extent this paragraph requires a response, Defendants deny all allegations in this paragraph.

204.     Defendants incorporate herein their responses to the paragraphs in Count I.

205.     This paragraph consists solely of conclusions of law to which no response is required.  To the extent this paragraph requires a response, Defendants deny all allegations in this paragraph.

206.     This paragraph consists solely of conclusions of law to which no response is required.  To the extent this paragraph requires a response, Defendants deny all allegations in this paragraph.

207.    This paragraph consists solely of conclusions of law to which no response is required.  To the extent this paragraph requires a response, Defendants deny all allegations in this paragraph.

208.    This paragraph consists solely of conclusions of law to which no response is required.  To the extent this paragraph requires a response, Defendants deny all allegations in this paragraph.

209.    This paragraph consists solely of conclusions of law to which no response is required.  To the extent this paragraph requires a response, Defendants deny all allegations in this paragraph.

210.    This paragraph consists solely of conclusions of law to which no response is required.  To the extent this paragraph requires a response, Defendants deny all allegations in this paragraph.

211.    Denied.

## Count X
## Concert of Action Against All Defendants

212.    Defendants incorporate herein their responses to all foregoing paragraphs.

213.    Denied.

214.    Denied.

215.    Denied.

## Count XI
## Aiding and Abetting Against the Stonehall LLCs

216.    Defendants incorporate herein their responses to all foregoing paragraphs.

217.    Denied.

218.    Denied.

219.    Denied.

220.    Denied.

## Count XII
## Piercing the Corporate Veil Against All Defendants

221.    Defendants incorporate herein their responses to all foregoing paragraphs.

222.    Denied.

223.    Denied.

224.    This paragraph consists solely of conclusions of law to which no response is required.  To the extent this paragraph requires a response, Defendants deny all allegations in this paragraph.

225.    This paragraph consists solely of conclusions of law to which no response is required.  To the extent this paragraph requires a response, Defendants deny all allegations in this paragraph.

226.    Denied.

227.    Denied.

228.    This paragraph consists solely of conclusions of law to which no response is required.  To the extent this paragraph requires a response, Defendants deny all allegations in this paragraph.

## Count XIII
## Violation of M.G.L. c. 93A, §§ 2 and 11 Against All Defendants

229.    Defendants incorporate herein their responses to all foregoing paragraphs.

230.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.

231.   This paragraph consists solely of conclusions of law to which no response is required.  To the extent this paragraph requires a response, Defendants deny all allegations in this paragraph.

232.   Denied.

233.   Denied.

**Count XIV**
**Violation of M.G.L. c. 214, § 3A Against All Defendants**

234.   Defendants incorporate herein their responses to all foregoing paragraphs.

235.   Denied.

236.   Denied.

237.   Denied.

238.   Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.

239.   Denied.

240.   This paragraph consists solely of Plaintiffs' characterization of their claims and, accordingly, no response is required.

**Count XV**
**Declaratory Judgment Against All Defendants**

241.   Defendants incorporate herein their responses to all foregoing paragraphs.

242.   This paragraph consists solely of conclusions of law to which no response is required.

243.   This paragraph consists solely of Plaintiffs' characterization of their claims and, accordingly, no response is required.

## Count XVI
## Accounting Against All Defendants

244.  Defendants incorporate herein their responses to all foregoing paragraphs.

245.  Denied.

246.  Denied.

247.  Denied.

248.  Defendants admit the first sentence of this paragraph. Defendants deny the second sentence of this paragraph.

249.  This paragraph consists solely of conclusions of law to which no response is required.

## Count XVII
## Accounting Against All Defendants

250.  Defendants incorporate herein their responses to all foregoing paragraphs.

251.  Denied.

252.  Denied.

253.  Denied.

254.  Defendants deny that they purchased any goods with Mr. Conway's money and on that basis deny the allegations in this paragraph.

255.  Admitted.  Answering further, pursuant to Section 4.02 of the Operating Agreement of Great Lines, LLC, Ms. Conway assigned to Great Lines, LLC all rights, titles and interests in the result, products, copyrights, trademarks, and merchandising of Ms. Conway's activities in the entertainment industry, and proceeds thereof.  Moreover, pursuant to Section 4.03, Ms. Conway and Great Lines, LLC assigned to Stonehall Records, LLC all rights, titles,

and interest in and to all sound recordings and any reproductions and duplications thereof. Thus, Plaintiffs alone had no legal interest in said materials.

256.    Defendants deny that they purchased any goods with Mr. Conway's money and on that basis deny the allegations in this paragraph.

257.    This paragraph consists solely of Plaintiffs' characterization of their claims and, accordingly, no response is required.

**Count XVIII**
**Injunctive Relief All Defendants**

258.    Defendants incorporate herein their responses to all foregoing paragraphs.

259.    Denied.

260.    This paragraph consists solely of Plaintiffs' characterization of their claims and, accordingly, no response is required.

261.    This paragraph consists solely of Plaintiffs' characterization of their claims and, accordingly, no response is required.

262.    This paragraph consists solely of Plaintiffs' characterization of their claims and, accordingly, no response is required.

263.    This paragraph consists solely of Plaintiffs' characterization of their claims and, accordingly, no response is required.

264.    This paragraph consists solely of Plaintiffs' characterization of their claims and, accordingly, no response is required.

**Count XIX**
**Injunctive Relief All Defendants**

265.    Defendants incorporate herein their responses to all foregoing paragraphs.

266.    This paragraph consists solely of conclusions of law to which no response is required.

267.    This paragraph consists solely of conclusions of law to which no response is required.  To the extent this paragraph requires a response, Defendants deny all allegations in this paragraph.

268.    This paragraph consists solely of conclusions of law to which no response is required.  To the extent this paragraph requires a response, Defendants deny all allegations in this paragraph.

269.    This paragraph consists solely of conclusions of law to which no response is required.  To the extent this paragraph requires a response, Defendants deny all allegations in this paragraph.

270.    Denied.

271.    Denied.

272.    This paragraph consists solely of conclusions of law to which no response is required.  To the extent this paragraph requires a response, Defendants deny all allegations in this paragraph.

273.    This paragraph consists solely of conclusions of law to which no response is required.  To the extent this paragraph requires a response, Defendants deny all allegations in this paragraph.

274.    This paragraph consists solely of conclusions of law to which no response is required.  To the extent this paragraph requires a response, Defendants deny all allegations in this paragraph.

275.    Denied.

## **AFFIRMATIVE DEFENSES**

First Affirmative Defense

The Complaint fails to state a claim upon which relief may be granted.

Second Affirmative Defense

The Plaintiffs are barred from recovery by the applicable statutes of limitations and repose.

Third Affirmative Defense

The Plaintiffs' action is barred in whole or in part by the doctrine of waiver, estoppel and/or laches.

Fourth Affirmative Defense

The Plaintiffs' claims are barred because the Plaintiffs failed to follow procedural requirements for bringing claims asserted.

Fifth Affirmative Defense

Defendants deny they have committed any unfair or deceptive acts of practices within the meaning of Massachusetts G.L. c. 93A; insofar as this court may determine otherwise, however, Plaintiffs have not suffered an ascertainable loss of money or property as a result of the use or employment of any unfair or deceptive act or practice within the Commonwealth of Massachusetts and therefore Plaintiffs have no standing to assert a claim under G.L. c. 93A.

Sixth Affirmative Defense

Any acts allegedly performed by Defendants were performed in pursuit of a lawful purpose and by lawful means, and therefore the Complaint is barred by the doctrine of justification.

Seventh Affirmative Defense

Plaintiffs' claims are barred because Plaintiffs failed to mitigate their alleged damages.

Eighth Affirmative Defense

With respect to any declaratory or equitable relief requested by Plaintiffs, Plaintiffs have adequate remedies at law and are therefore not entitled to any such relief whatsoever.

Ninth Affirmative Defense

Plaintiffs' claims are barred by the doctrine of accord and satisfaction.

Tenth Affirmative Defense

This Court lacks jurisdiction because the Operating Agreement of Great Lines, LLC is a Tennessee contract to be interpreted under the laws of the State of Tennessee and the parties expressly agreed that any litigation in relation to the Operating Agreement of Great Lines, LLC will be brought in the courts located within Davidson County, Tennessee.

Eleventh Affirmative Defense

Plaintiffs' failure to perform their obligations under the Operating Agreement of Great Lines, LLC bars Plaintiffs' enforcement of the agreement.

Twelfth Affirmative Defense

The Operating Agreement of Great Lines, LLC constitutes the entire agreement of the parties and therefore bars Plaintiffs' enforcement of any other alleged agreement among the parties.

Thirteenth Affirmative Defense

Plaintiffs' claims should be dismissed because Plaintiffs' claims are derivative in nature and Plaintiffs have failed to satisfy the requirements of Rule 23.06 of the Tennessee Rules of Civil Procedure.

Fourteenth Affirmative Defense

Plaintiffs' claims fail a as a matter of law because, in accordance with Section 16 of the Operating Agreement of Great Lines, LLC, all decisions and actions taken by Defendants concerning Ms. Conway's career were authorized by the Board of Directors of Great Lines, LLC (of which Mr. Conway was the Chair and Plaintiffs make up the majority vote, pursuant to Section 15.04 of the Operating Agreement of Great Lines, LLC).

Fifteenth Affirmative Defense

Plaintiffs' claims fail a as a matter of law because Defendants consulted Plaintiffs regularly about every decision and action taken concerning Ms. Conway's career,  including that Defendants regularly sent Mr. Conway invoices for every expenditure they made on behalf of Ms. Conway's career.

Sixteenth Affirmative Defense

Plaintiffs' claims fail a as a matter of law because Defendants did not make any misrepresentations to Plaintiffs at any time.

Seventeenth Affirmative Defense

Plaintiffs' claims are barred by the doctrine of unclean hands.

Eighteenth Affirmative Defense

Plaintiffs' claims should be dismissed because Plaintiffs have suffered no damages.

Nineteenth Affirmative Defense

Defendants reserve the right to add such other and further defenses as become apparent during the course of discovery.

## **RELIEF REQUESTED**

Defendants request that the Court award judgment in its favor on all claims, dismissing

the Complaint, and awarding Defendants their costs and reasonable attorneys' fees.

Dated:  December 6, 2013                    Respectfully submitted,

                                           **BERMAN DEVALERIO**

                                           /s/   *Glen DeValerio*
                                           Glen DeValerio (BBO #122010)
                                           Daryl DeValerio Andrews (BBO #658523)
                                           One Liberty Square
                                           Boston, MA 02109
                                           Telephone:  (617) 542-8300
                                           Fax:  (617) 542-1194
                                           Email:  gdevalerio@bermandevalerio.com
                                                   dandrews@bermandevalerio.com

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on December 6, 2013.

Dated:  December 6, 2013                    /s/ Glen DeValerio
                                           Glen DeValerio