DISTRICT COURT OF THE UNITED STATES
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANDREW CONWAY, *et al.*,<br><br>Plaintiffs,<br><br>     v.<br><br>SAM LICATA, *et al.*,<br><br>Defendants | Docket Number<br><br>1:13-cv-12193-WGY |

### AFFIDAVIT OF ANDREW CONWAY IN SUPPORT OF THE PLAINTIFFS' OPPOSITION TO THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND IN SUPPORT OF THE PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT

I, Andrew Conway, on personal knowledge, information, and belief, and on oath, do state and depose as follows:

1. I am a Plaintiff in this action.

2. Liana Conway ("Liana") is my daughter.

3. At no time did I sign the Great Lines, LLC, Operating Agreement ("Operating Agreement").

4. I did not sign the Operating Agreement, in part, because I disagreed with Liana transferring her rights to her intellectual property to the Defendants.

5. Upon my advice, Liana never signed the Operating Agreement.

6. Liana performed each of those songs on her album Sunrise.

7. Liana never signed any agreement transferring any rights in her copyrights to the Defendants or Great Lines, LLC.

8. Liana performed "August Rush" on her album "Sunrise."

9. Liana performed "Callin You Baby" on her album "Sunrise."

10. Liana performed "Cece's Song" on her album "Sunrise."

11. Liana performed "Day Dreamin'" on her album "Sunrise."

12. Liana performed "Free" on her album "Sunrise."

13. Liana performed " I Could Have Loved You " on her album "Sunrise."

14. Liana performed " I Like You " on her album "Sunrise."

15. Liana performed "Naïve" on her album "Sunrise."

16. Liana performed " No Turning Back " on her album "Sunrise."

17. Liana performed "Walk in the Sun" on her album "Sunrise."

18. Liana performed "You Baby" on her album "Sunrise."

19. Liana performed "Beautiful Day" on her album "Sunrise."

20. The "narrow exceptions" referenced in the Plaintiffs' complaint are those expenses specifically itemized as being paid to Stone or Hall in the Defendants' invoices to the Plaintiffs.

21. Other than the "narrow exceptions" described above, all of the funds that I paid to the Defendants were to be used solely on Liana Conway's career.

22. In February 2012, Sybil Hall sent to me Ex. 105.

23. Hall represented to me that Ex. 105 was an authentic invoice from JAS Marketing.

24. I believed Hall's representation that Ex. 105 was genuine.

25. When I transferred funds to the Defendants, I did so based on their ongoing representations to me that they were spending the funds entirely on Liana's career unless otherwise specified.

26. In June 2011, Hall first requested that I start paying additional funds for marketing Liana.

27.  The Defendants agreed to use the $25,000 per month to pay marketing expenses to promote Liana.

28.  Liana and I intended that the Defendants would spend all of the $25,000 advanced each month on goods and services in furtherance of Liana's career, and the Defendants agreed to do so.

29.  Beginning in July 2011, I started making $25,000 payments for marketing expenses.

30.  I drafted the letter identified as Exhibit 9, but I never sent it to the Defendants.

31.  Near the end of our relationship, the Defendants were unable to substantiate where the $25,000 marketing budget was being spent each month, despite my numerous requests over phone and E-mail.

32.  Liana and I stopped our relationship with the Defendants in large part because they could not substantiate their monthly expenses.

33.  Exhibit 101 is a true and accurate copy of records from the California secretary of state regarding the Defendants.

34.  Exhibit 102 is a true and accurate copy of an E-mail to Orville Almon from Sybil Hall.

35.  Exhibit 103 is a true and accurate copy of the Defendants' copyright registrations.

36.  Exhibit 104 is a true and accurate copy of a February 9, 2012, E-mail to the Defendants.

37.  Exhibit 105 is a true and accurate copy of an invoice sent to the Plaintiffs from Hall in February 2012.

38.  Exhibit 106 is a true and accurate copy of E-mails produced by JAS Marketing in response to the Plaintiffs' subpoena.

39.  Exhibit 107 is a true and accurate copy of an E-mail to Sybil Hall.

40.  Exhibit 108 is a true and accurate copy of Phoenix Stone's Facebook page.

41.    Exhibit 109 is a true and accurate copy of the deposition transcript of Anthony Skatell.

42.    Exhibit 110 is a true and accurate copy of the search results of "Great Lines" with the Tennessee Secretary of State's company database.

43.    Exhibit 111 is a true and accurate copy of an E-mail sent on September 11, 2012, between me and Sybil Hall.

44.    Exhibit 112 is a true and accurate copy of an E-mail sent on September 19, 2012, between me and Sybil Hall.

45.    Exhibit 113 is a true and accurate copy of an E-mail sent on September 23, 2012, between me and Sybil Hall.

46.    Exhibit 114 is a true and accurate copy of an E-mail sent on September 25, 2012, between me and Sybil Hall.

47.    Exhibit 115 is a true and accurate copy of charts produced by Edward Gertler in response to the Plaintiffs' subpoena.

48.    Exhibit 116 is a true and accurate copy of the Defendants' Responses to the Plaintiffs' Requests for Admissions.

49.    Exhibit 117 is a true and accurate copy of Liana's copyright registration.

50.    Exhibit 118 is a true and accurate copy of the invoices sent by the Defendants to the Plaintiffs.

Signed this day under the pains and penalties of perjury,

Date: June 17, 2014

_____
Andrew Conway