UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| ANDREW CONWAY, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | Civil Action No. 13-12193-LTS |
| SAM LICATA, et al., | ) | |
| Defendants. | ) | |

ORDER ON DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

October 17, 2014

SOROKIN, J.

The defendants in this action move for summary judgment solely on the plaintiffs' Racketeer Influenced and Corrupt Organizations Act ("RICO") claim, Count XIX of the Complaint. The Motion presents one question—whether the plaintiffs have submitted sufficient evidence from which a jury could conclude that the plaintiffs have met their burden of proof as to each element of the RICO claim.

To state a civil RICO claim, a plaintiff must allege a pattern of racketeering activity made up of two or more predicate criminal acts that are related and amount to or pose a threat of continued criminal activity. H.J. Inc. v. Nw. Bell Tel. Co., 492 U.S. 229, 237-39 (1989)). Because the plaintiffs in this case cannot establish such a pattern of racketeering activity, the defendants' motion for partial summary judgment as to this count is ALLOWED.

I.  FACTS

The following facts are stated in the light most favorable to the plaintiffs as the nonmoving party. In brief, the plaintiffs allege that plaintiff Andrew Conway ("Mr. Conway") paid approximately $1.7 million to the defendants to manage the career of Mr. Conway's daughter, plaintiff Liana Conway ("Ms. Conway"), an aspiring country music singer. The plaintiffs contend the defendants' conduct in managing funds intended to promote Ms. Conway's career and in distributing Ms. Conway's copyrighted recordings amounts to a civil RICO violation. Specifically, the Complaint alleges that the defendants committed wire fraud in violation of 18 U.S.C. § 1343, by "multiple attempts" to obtain money on the premise that it would only be spent on furthering Ms. Conway's career when, in fact, it was not. Doc. No. 1 ¶ 270(b). The Complaint also alleges that the defendants committed criminal copyright infringement in violation of 17 U.S.C. § 506(a) for distributing copies of Ms. Conway's copyrighted works. Id. ¶ 270(d). Finally, the Complaint alleges violations of 18 U.S.C. § 1952—which criminalizes traveling across state lines to distribute the proceeds of unlawful activity—arising from electronic distributions of funds transferred by Mr. Conway.[1] Id. ¶ 270(c). The Complaint does not specify those activities on the part of the defendants that constitute the alleged predicate offenses.

In addition to the predicates as expressed in the Complaint, in opposing summary judgment, the plaintiffs added specificity to some of predicate acts alleged in the Complaint and

---

[1] The Complaint also alleges mail fraud in violation of 18 U.S.C. § 1341 and violations of 18 U.S.C. § 2319A, which prohibits certain acts of recording or distributing live musical performances. Doc. No. 1 ¶ 270(a), (e). The plaintiffs have not addressed these predicate acts in their opposition to the Motion for Summary Judgment, and thus the Court does not consider those allegations for the purposes of establishing a pattern of racketeering activity. See Chao v. Ballista, 772 F. Supp. 2d 337, 347 n.5 (D. Mass. 2011) (deeming waived claim not argued in opposition to summary judgment).

have alleged additional predicate acts not raised in the Complaint.[2] Adding clarity to the wire fraud alleged in the Complaint, the plaintiffs specified two acts of wire fraud arising from a February 9, 2012 email from one defendant to Mr. Conway and from the transmission, as an attachment to a February 2012 email, of an invoice from a vendor that the plaintiffs allege to have been forged by the defendants. Doc. No. 99 at 13-14. The plaintiffs' opposition also clarified that they were alleging criminal copyright infringement in five specific compositions of Ms. Conway. Id. at 15-16. In addition to these predicates that were generally alleged in the Complaint, the plaintiffs, in their opposition, added violations of 18 U.S.C. § 2314, arising from "numerous occasions" of interstate transportation of funds taken by fraud as additional predicate offenses. Doc. No. 99 at 14-15.

The plaintiffs allege that these various predicate offenses occurred over a period of two and a half years, beginning in May 2010 and ending in September 2012. Doc. No. 136 at 2.

## II. LEGAL STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Once a party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party, who "may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing there is a genuine issue for trial." Barbour v. Dynamics Research Corp., 63 F.3d 32, 37 (1st Cir. 1995) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986)). Further, a court may enter summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that

---

[2] The Court has considered the additional predicates alleged in the plaintiff's memoranda in opposition to summary judgment as they do not affect the outcome of the present motion. The Court notes, however, that a party's ability to proceed on the basis of RICO predicates not sufficiently pled in its complaint is dubious. See Feinstein v. Resolution Trust Corp., 942 F.2d 34, 42 (1st Cir. 1991).

3

party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The Court is "obliged to view the record in the light most favorable to the nonmoving party, and to draw all reasonable inferences in the nonmoving party's favor." LeBlanc v. Great Am. Ins. Co., 6 F.3d 836, 841 (1st Cir. 1993). Even so, the Court is to ignore "conclusory allegations, improbable inferences, and unsupported speculation." Prescott v. Higgins, 538 F.3d 32, 39 (1st Cir. 2008) (quoting Medina–Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990)).

III.    DISCUSSION

To succeed on a civil RICO claim, a plaintiff must show "a pattern of racketeering activity" consisting of no fewer than two predicate acts. 18 U.S.C. § 1961(5); H.J., 492 U.S. at 232-33, 237. Simply showing two predicate acts, however, is not sufficient to establish a RICO claim, as the Supreme Court has required a showing "that the racketeering predicates are related, and that they amount to or pose a threat of continued criminal activity." H.J., 492 U.S. at 239. Thus, establishing a pattern of racketeering activity requires a showing of "continuity plus relationship." Efron v. Embassy Suites (Puerto Rico), Inc., 223 F.3d 12, 15 (1st Cir. 2000).

Continuity may be established using a "closed-ended" or "open-ended" approach. Giuliano v. Fulton, 399 F.3d 381, 387 (1st Cir. 2005). Closed-ended continuity is "established by showing 'a series of related predicates extending over a substantial period of time' that 'amount to' a threat of continued criminal activity." Id. (quoting H.J., 492 U.S. at 242). In some cases, closed-ended continuity can be established by looking to the number of predicate acts and period of time in which they were committed alone; other cases fall into the "middle ground" in which courts consider, in addition to the number of predicates and the relevant time period, the

4

number and identity of victims, and whether the predicates were part of a "single scheme," among other factors. Id. at 387-88.

Alternatively, a plaintiff may show "open-ended" continuity by showing that "the racketeering acts themselves include a specific threat of repetition extending indefinitely into the future [or] . . . are part of an ongoing entity's regular way of doing business." Id. at 387 (quoting H.J., 492 U.S. at 242).

In order to determine whether the allegations are sufficient to state a "pattern," the Court must examine the alleged predicates. Id. at 388-89. In doing so, the Court may only consider those predicates that are specifically alleged. Efron, 223 F.3d at 16. Thus, the allegations that the defendants committed wire fraud, traveled across state lines to distribute the proceeds of unlawful activity, and caused the interstate transportation of funds taken by fraud on "multiple" or "numerous occasions" are disregarded for the purpose of establishing a pattern. See Giuliano, 399 F.3d 388-89. Alleging that the defendants engaged in these activities without any specificity as to the date, location, or substance of such predicates does not suffice as a specific allegation. Id.

Placing those allegations aside, the plaintiffs allege two acts of wire fraud arising from a February 9, 2012 email containing a breakdown of expenditures and from the transmission, also in February 2012, of an allegedly forged invoice. Doc. No. 99 at 13-14. The plaintiffs also allege five acts of criminal copyright infringement of the compositions of Ms. Conway's songs. Id. at 15-16. The Court assumes without deciding that these predicates occurred over the twenty-nine-month period that the plaintiffs allege.[3] Thus, in the light most favorable to the plaintiffs, they specifically allege seven predicate acts over the course of twenty-nine months.

---

[3] In reality, the period is likely much shorter. It appears that the plaintiffs arrive at the May 2010 through September 2012 time period by relying on the predicates that were only alleged to have occurred on

These allegations fail to establish closed-ended continuity sufficient to show a pattern of racketeering activity.[4] The First Circuit has "consistently declined to find continuity where the RICO claim concerns a single, narrow scheme targeting few victims." Giuliano, 399 F.3d at 390. The facts of this case fall neatly within a line of cases in which the First Circuit has found the required continuity to be lacking. First, the number of predicate acts is not so high, nor the duration of the conduct so long as to necessitate a finding of continuity. See Efron, 223 F.3d at 17-18 (finding no closed-ended continuity where the complaint alleged seventeen predicate acts over twenty-one months). Second, the predicate acts in this case jointly targeted, at most, two victims: Mr. Conway and Ms. Conway, as opposed to separately targeting numerous, unrelated victims. See Giuliano, 399 F.3d at 390 (considering that a scheme targeted only an individual victim and his company in finding no closed-ended continuity). Third, the alleged conduct constitutes a single effort to wrongfully obtain benefits (in the form of payments and proceeds from the distribution of copyrighted materials) from the two alleged victims and not broader criminal endeavor. See Apparel Art Int'l, Inc. v. Jacobson, 967 F.2d 720, 723 (1st Cir. 1992) (distinguishing a single criminal effort from the separate criminal episodes intended to be proscribed by RICO). Finally, there is no evidence of any ongoing criminal conduct or criminal conduct targeting anyone other than the plaintiffs in this case.

A comparison to Efron v. Embassy Suites (Puerto Rico), Inc., 223 F.3d 12 (1st Cir. 2000), is instructive. In that case, the complaint alleged seventeen predicate acts over a period of twenty-one months. Efron, 223 F.3d at 17. The First Circuit, crediting the number of predicates

---

"numerous occasions," which have been disregarded by the Court. See Doc. No. 136 at 2. As discussed below, even crediting the duration as calculated by the plaintiffs and the other instances of wire or mail fraud that they identify in the course of the alleged scheme, given the facts of this case, the plaintiffs have not established a "pattern of racketeering activity."

[4] The Court, for the benefit of the plaintiffs, assumes without deciding that these allegations fall into the "middle ground" in which the Court considers other indicia of continuity beyond the number of predicates and the duration of the alleged conduct. See Giuliano, 399 F.3d at 390.

and their duration, found there was no closed-ended continuity due to the fact that the conduct jointly targeted only three victims with the single goal of causing them to surrender their interest in a business endeavor. Id. at 17-18. The court held that even though the allegations included "multiple related acts of deception," the narrow focus of the scheme constituted a "single effort to facilitate a single financial endeavor," which separated the alleged conduct from "the kind of broad or ongoing criminal behavior at which the RICO statute was aimed." Id. at 17-19 (quotations omitted). The same conclusion applies to this case. The commission of seven predicate acts over the course of twenty-nine months targeting two victims as part of a single effort to extract financial gains is not sufficient to establish closed-ended continuity.

The plaintiffs argue alternatively that they have established open-ended continuity, but this argument also fails. As the plaintiffs make clear, the parties terminated their business relationship in September of 2012, Doc. No. 99 at 3, and with it, the basis for any claims of ongoing fraud. Undeterred, the plaintiffs argue that the defendants continue to criminally infringe on the copyrights of Ms. Conway's compositions, criminal acts they argue threaten to extend indefinitely into the future.

These claims cannot support open-ended continuity. There is no evidence to support the inference that the defendants had knowledge that their conduct was unlawfully infringing on the plaintiffs' copyrights, which is fatal to a claim of criminal copyright infringement. 17 U.S.C. § 506(a); United States v. Liu, 731 F.3d 982, 989-90 (9th Cir. 2013). To the contrary, the evidence shows that, even without resort to any written agreements between the parties, the defendants had a good-faith basis for their belief that at least one defendant was, minimally, a co-owner of the copyrights as producer and held a right to distribute the works. See Doc. Nos. 80-16, 80-110, 110-1; see also Warren Freedenfeld Assocs., Inc. v. McTigue, 531 F.3d 38, 47-48 (1st Cir. 2008)

(holding that a joint author, and thus a joint owner of a copyright, cannot claim infringement against other joint owners). Whether or not the defendants prevail on this claim, this is the stuff of a business dispute; it is not sufficient to support the plaintiffs' claim that the defendants engaged in the type of racketeering acts that present "a specific threat of repetition extending indefinitely into the future" so as to establish open-ended continuity.[5]

One last point bears mention. The plaintiffs appear to misunderstand the nature of a civil RICO claim. Contrary to the plaintiffs' bald assertion, made without citation to any legal authority, a RICO claim is not "simply a form of vicarious liability." Doc. No. 99 at 8. Rather, "[c]ivil RICO is an unusually potent weapon," Miranda v. Ponce Fed. Bank, 948 F.2d 41, 44 (1st Cir. 1991), requiring proof of a pattern of racketeering activity consisting of at least two predicate criminal acts. H.J., 492 U.S. at 232. "The very pendency of a RICO suit can be stigmatizing and its consummation can be costly," Miranda, 948 F.2d at 44, and thus it is not merely another garden-variety theory of vicarious liability.

---

[5] The plaintiffs, in a footnote in their supplemental opposition to the present motion, argue that the fact that the defendants are representing other clients similar to Ms. Conway allows the Court to infer that similar misconduct is occurring with those clients, making such illegal conduct the defendants' regular way of doing business. Doc. No. 136 at 1 n.1. This argument borders on the frivolous. Without citation to any record evidence that even suggests that acts similar to the criminal allegations here have occurred or are occurring in the representation of these other clients, this allegation is little more than rank speculation. The Court draws all reasonable inferences in the plaintiffs' favor on the defendants' motion for summary judgment, but does not credit "conclusory allegations, empty rhetoric, [or] unsupported speculation." Rogan v. City of Boston, 267 F.3d 24, 27 (1st Cir. 2001).

IV. CONCLUSION

For the foregoing reasons, the plaintiffs have not established a "pattern of racketeering activity" as required for a civil RICO claim. Accordingly, the defendant's Motion for Partial Summary Judgment, Doc. No. 75, is ALLOWED and Count XIX of the plaintiffs' Complaint is DISMISSED.

SO ORDERED.

   /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge