UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ANDREW CONWAY, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 13-12193-LTS |
| SAM LICATA, et al., | ) ) ) | |
| Defendants. | ) ) | |

ORDER ON PLAINTIFFS' MOTION TO AMEND

February 23, 2015

SOROKIN, J.

      Plaintiffs move to amend their Complaint by dismissing Count VIII, alleging defamation, and Count XIV, alleging violation of Mass. Gen. Laws ch. 214, § 3A, and by adding an additional count under the California Talent Scam Prevention Act, Cal. Lab. Code § 1702, et seq. Plaintiffs also seek to amend their answer to add the affirmative defense of illegality. Defendants assent to this Motion only insofar as it seeks to dismiss the two counts. The Motion is ALLOWED IN PART; the remainder of the Motion is DENIED.

      The Scheduling Order, as subsequently amended, established February 17, 2014 as the deadline for amending the pleadings. Doc. Nos. 21 at 1, 24. Fact discovery in this matter concluded on June 20, 2014. Doc. No. 21 at 2. Expert discovery concluded on October 31, 2014. Id. Summary Judgment motions are due by February 27, 2015, with the trial scheduled to commence on May 18, 2015. Doc. No. 167. Plaintiffs' Motion to amend by adding a claim is well past the deadline established by the Court. The timing of the Motion does not arise from the

recent discovery of a factual basis for the alleged claim. Indeed, Plaintiffs cite the arguments raised by Defendants in a status report articulating the bases on which they will move for summary judgment as the only explanation for the timing of the present Motion. In these circumstances, Plaintiffs have failed to establish the good cause required to amend after the deadline established by the Court in the Scheduling Order. See Trans-Spec Truck Serv., Inc. v. Caterpillar Inc., 524 F.3d 315, 327 (1st Cir. 2008).

The Court notes several other reasons warranting denial of the Motion. Plaintiffs failed to attach a copy of a proposed amended complaint or the additions they sought to make to the Complaint. Only in their reply did Plaintiffs provide an excerpt of additional allegations they seek to add. The opponent of a motion to amend, and the Court, are entitled to review the specific additions to a complaint sought by the moving party, especially at this late date. Further, the addition of this claim would certainly require additional discovery, at least expert and possibly fact, and would delay the remainder of the schedule.

For the reasons set forth above, the Motion to Amend, Doc. No. 172, is ALLOWED IN PART to the extent that Plaintiffs seek to dismiss Counts VIII and XIV. The Motion is DENIED in all other respects.

SO ORDERED.

   /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge