UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ANDREW CONWAY, LILIANA CONWAY
d/b/a ZEKE THE ZEBRA,

        Plaintiffs,

v.

SAM LICATA a/k/a PHOENIX STONE,
Et al.

        Defendants.

Docket No.:
1:13-cv-12193-LTS

## DEFENDANTS' OBJECTION TO PLAINTIFFS' BILL OF COSTS

When faced with a bill of costs, the Court may exercise discretion when awarding the prevailing party costs and reimbursement of expenses. *See In re Fidelity/Micron Sec. Litig.,* 167 F.3d 735, 736 (1st Cir. 1999); *In re Thirteen Appeals San Juan Dupont Plaza Hotel Fire Litig.,* 56 F.3d 295, 309 (1st Cir. 1995). The Court should consider the facts and equities on a case-by-case basis. *See Melendez-Benitez v. United States*, 498 F. Supp. 2d 460, 463 (D.P.R. 2007). Here, Plaintiffs' Bill of Costs should be denied in its entirety for the following reasons.

First and foremost, Plaintiffs have filed a bill of costs much too prematurely. According to the Court's Rules & Procedures guideline on Taxation of Costs, available on the Court's website:

> The Bill of Costs must be filed within fifteen (15) days of the earlier of
> (i) the expiration of the time allowed for appeal of the final judgment or decree, or
> (ii) receipt by the Clerk of the Mandate of the Court of Appeals.

This is because a bill of costs is to be filed "after the conclusion of litigation." *Id.* at n.6. With the deadline for an appeal of the final judgment or decree still pending, this litigation clearly has

not concluded. *See* FRAP Rule 4 (notice of appeal due 30 days after entry of judgment). Presumably, Plaintiffs filed a bill of costs because they do not plan to file an appeal. Defendants, however, are contemplating appealing the Court's decision on the copyright claims and/or attorneys' fees on the copyright claims, and thus the Bill of Costs is premature. *See Melendez-Benitez*, 498 F. Supp. at 462 (noting denial of bill of costs as premature where Plaintiffs filed before Defendants filed a notice of appeal).

Moreover, costs may be denied where the prevailing party has engaged in misconduct during the litigation process. *Institutionalized Juveniles v. Sec'y of Pub. Welfare*, 758 F.2d 897, 926 (3d Cir. 1985). Courts have denied a party his costs where they have found "some defection on his part in the course of the litigation." *Id*. (quoting *Chicago Sugar Co. v. American Sugar Refining Co.,* 176 F.2d 1, 11 (7th Cir.1949), *cert. denied,* 338 U.S. 948 (1950)). The *Chicago Sugar* case explains that a "defection," which would warrant denying costs to a prevailing party, could include calling unnecessary witnesses, bringing in unnecessary issues or needlessly bringing or prolonging litigation, and some showing of bad faith or "the deliberate adoption of a course of business dealings calculated to render litigation." 176 F.2d at 11.

This Court determined that the misunderstanding between the parties that led to this litigation was "due in no small part to the conduct of Andrew Conway, including: informing the Defendants, in January of 2012, of his agreement with the terms of the final revised version of the Great Lines Agreement; failing to sign the Great Lines Agreement; deciding not to tell the Defendants that he did not, and would not, sign the Great Lines Agreement; and deciding not to propose, request, or require a different written agreement to govern the parties' relationship or to define specifically the use of the funds paid to the Defendants." Findings of Fact and Conclusions of Law on Bench Claims, Dkt. No. 342, at 26-27. This is clearly a course of

business dealings calculated to result in litigation.  Moreover, Plaintiffs have engaged in countless discovery tactics that have prolonged this litigation.  The Bill of Costs should, thus, be denied in its entirety.

Moreover, the items on the Bill of Costs are also deficient in the following ways.  The First Circuit has held that depositions are taxable to the losing party if they "were either introduced in evidence or used at trial."  *Templeman v. Chris Craft Corp.,* 770 F.2d 245, 249 (1st Cir. 1985).  *See also Emerson v. National Cylinder Gas Co.*, 147 F. Supp. 543, 545 (D. Mass. 1957), *aff'd* 251 F.2d 152 (1st Cir. 1958) (costs of depositions taken for preparation and discovery, rather than for use at trial, not recoverable).  Plaintiffs seek reimbursement of their costs for all depositions in this action and yet they have not set forth evidence that any of the depositions were used at trial.  The burden is on the party seeking to recover these costs to show that they were necessary.  *Pan Am. Grain Mfg. Co. v. Puerto Rico Ports Auth.,* 193 F.R.D. 26, 37 (D.P.R. 2000) *aff'd*, 295 F.3d 108 (1st Cir. 2002).  The Plaintiffs' submission of an attachment to the Bill of Costs and invoices, with no affidavit or explanation of which costs they are seeking and why they are entitled to those costs, does not meet this burden.

Amazingly, Plaintiffs claim as legitimate taxable costs the late fees charged by the court reporter for Plaintiffs' tardy payment of the bill for the Liana Conway deposition listed on Exhibit 2 to Plaintiffs' Bill of Costs.  Such a claim is transparently unfair and has been rejected by the Courts.  *See Warner Chilcott Labs. Ireland Ltd. v. Impax Labs., Inc.* 2013 WL 1876441, at *6 (D.N.J. Apr. 18, 2013) (finding costs associated with late fees, expedited transcripts, where it is not shown that expediting the transcripts is indispensable, and postage are not taxable since they are for the convenience of counsel).  Plaintiffs should also not be able to recover for the teleconferencing and Fedex charges listed on Exhibits 1 and 5.  *See id.*

Further, according to the Court's Rules & Procedures guideline on Taxation of Costs, available on the Court's website:

> Photocopying costs are taxable only to the extent that the copies were used as exhibits, were furnished to the Court or opposing counsel, or were otherwise necessary for maintenance of the action. … Counsel must include a statement that the cost is no higher than what is generally charged for reproduction in the local area, and that no more copies than what was actually necessary were reproduced. Copies for the convenience of counsel and not for use at trial are not taxable.

Yet, Plaintiffs seek to recover for an original and a certified copy of the Benson deposition. *See* Exhibit 5 (cost for two copies is $1,811.25 and Plaintiffs seek $1,500, rather than half with no explanation for their breakdown). Reimbursement for copies that are clearly for the convenience of counsel should not be allowed. *See Perlman v. Feldmann*, 116 F. Supp. 102 (D. Conn. 1953) (additional copies of depositions were for the convenience of counsel and therefore were not taxable). Thus, the costs for deposition transcripts, if allowed at all, should be reduced by $1,900.35 (for the extraneous charges in Exhibits 1-5).

Moreover, Plaintiffs have provided neither an explanation for what the costs in Exhibits 6-12 represent nor a statement that the cost is not higher than what is generally charged for reproduction in the local area. It is, therefore, impossible to determine if the costs in Exhibits 6-12 meet these requirements and should be denied. Thus, the $2,257.89 costs for the various copying service should not be allowed at all.

In sum, Plaintiffs' Bill of Costs should be **DENIED IN ITS ENTIRETY** for the reasons set forth above. If, however, the Court determines that Plaintiffs are entitled to reimbursement of some of their costs, Defendants request that the costs should be **reduced by at least $4,158.24.**

\*\*\*\*

| | |
|---|---|
| Dated:  September 21, 2015 | The Defendants, |
| | By their Attorneys, |
| | **BERMAN DEVALERIO** |
| | */s/ Glen DeValerio* |
| | Glen DeValerio (BBO #122010) |
| | Daryl DeValerio Andrews (BBO #658523) |
| | One Liberty Square |
| | Boston, MA 02109 |
| | Tel.:  (617) 542-8300 |
| | Fax:  (617) 542-1194 |
| | Email:   gdevalerio@bermandevalerio.com |
| | dandrews@bermandevalerio.com |

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent to those indicated as non-registered participants on September 21, 2015.

| | |
|---|---|
| | */s/Glen DeValerio* |
| Dated:  September 21, 2015 | Glen DeValerio |