UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANDREW CONWAY, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>SAM LICATA, et al., )<br>)<br>Defendants. )<br>) | Civil Action No. 13-12193-LTS |

ORDER ON MOTION FOR ATTORNEY'S FEES,
BILL OF COSTS, AND MOTION TO ALTER JUDGMENT

November 6, 2015

SOROKIN, J.

Following a jury trial and the Court's order on claims reserved for its decision, the Plaintiffs, Andrew Conway and Liana Conway, filed the three motions now before the Court. Specifically, the Plaintiffs have moved for attorney's fees and costs (Doc. No. 344), have submitted a bill of costs (Doc. No. 351), and have moved to alter the judgment to assess prejudgment interest (Doc. No. 352). The Defendants oppose each motion. Doc. No. 353, 354, 355.[1] For the reasons that follow, the Motion for Attorney's Fees and Costs (Doc. No. 344) is DENIED, the Bill of Costs (Doc. No. 351) is ALLOWED IN PART and DENIED IN PART, and the Motion to Alter the Judgment to Assess Prejudgment Interest (Doc. No. 352) is ALLOWED IN PART and DENIED IN PART.

---

[1] The parties agree that the notices of appeal filed in this case do not divest the Court of jurisdiction to resolve these motions. In addition, both sides affirmatively requested at the status conference that the Court decide these issues now in order to streamline the appeals process.

1

I.     LEGAL STANDARD

In a copyright infringement action, "the court in its discretion may allow the recovery of full costs by or against any party" and "may also award a reasonable attorney's fee to the prevailing party as part of the costs."  17 U.S.C. § 505.  Under § 505, "[p]revailing plaintiffs and prevailing defendants are to be treated alike, but <u>attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion</u>."  <u>Fogerty v. Fantasy, Inc.</u>, 510 U.S. 517, 534 (1994) (emphasis added).  The Court need not follow a "precise rule or formula for making these determinations."  <u>Id.</u> (quoting <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 436-37 (1983)).  However, the Court should exercise its discretion to award attorney's fees in light of certain factors, including "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence."  <u>Fogerty</u>, 510 U.S. at 534 n.19 (quoting <u>Lieb v. Topstone Indus., Inc.</u>, 788 F.2d 151, 156 (3rd Cir. 1986)).  <u>Accord</u> <u>Airframe Sys., Inc. v. L-3 Commc'ns Corp.</u>, 658 F.3d 100, 108 (1st Cir. 2011).  Pursuant to First Circuit law, a "showing of frivolity or bad faith is not required; rather, the prevailing party need only show that its opponent's copyright claims or defenses were 'objectively weak.'"  <u>Latin Am. Music Co. v. Am. Soc'y of Composers Authors & Publishers</u>, 629 F.3d 262, 263 (1st Cir. 2010) (quoting <u>Garcia-Goyco v. Law Envtl. Consultants, Inc.</u>, 428 F.3d 14, 20 (1st Cir. 2005)).  Underpinning any award of attorney's fees, however, is "the goal of vindicating the overriding purpose of the Copyright Act: to encourage the production of original literary, artistic, and musical expression for the public good."  <u>See</u> <u>Lotus Dev. Corp. v. Borland Int'l, Inc.</u>, 140 F.3d 70, 73 (1st Cir. 1998).

II.     DISCUSSION

   A.     <u>Motion for Attorney's Fees and Costs</u>

With these guideposts in mind, the Court turns to the two claims with regard to which the Plaintiffs seek attorney's fees and costs.

   1.     Plaintiffs' Copyright Claim

At trial, Liana Conway pursued a copyright infringement claim asserting that, after the parties terminated their business relationship and before the Court's ruling on summary judgment, the Defendants distributed the sound recordings of five songs for which Liana Conway holds the copyright in the underlying musical compositions, without a license for the compositions. As determined by the Conways' expert, these distributions were de minimis. And, in response to the Court's order on summary judgment, the Defendants paid $51.78 to the Conways which represented the most the Defendants could possibly owe in unpaid compulsory royalties. At trial, the jury found the Defendants liable for copyright infringement, but determined that the infringement was innocent and awarded a total of $5,000 in statutory damages on this claim, $1,000 per song. Doc. No. 297 at 6-7.

The thrust of the Plaintiffs' argument is that an award of attorney's fees is warranted because the Defendants put forth a defense to infringement that evinced a misunderstanding of copyright law. Even assuming the truth of the Plaintiffs' argument, "the <u>Fogerty</u> standard . . . <u>permits</u> a court to award attorney's fees when the opposing party's claims are objectively weak, [but] it does not <u>require</u> the court to do so." <u>Airframe Sys., Inc.</u>, 658 F.3d at 109 (emphasis in original). Here, an analysis of the <u>Fogerty</u> factors indicates that an award of fees on this claim is not in order. There is no indication that the Defendants were improperly motivated in defending against the infringement claim, as borne out by the jury's finding of innocent infringement.

Brayton Purcell LLP v. Recordon & Recordon, 487 F. Supp. 2d 1124, 1129-30 (N.D. Cal. 2007) (award of attorney's fees unwarranted where, among other things, losing party's infringement was likely innocent and losing party did not conduct litigation in bad faith). Moreover, equitable considerations regarding deterrence and compensation militate against awarding attorney's fees to the Plaintiffs. Their infringement claim was overly litigated such that it bordered on the frivolous, given that the Plaintiffs sought at trial the maximum statutory award of $150,000 per song even though the Plaintiffs knew, based on their expert's findings, that any infringement was de minimis, that it had deprived the Conways of no more than $51.78 in royalties, and that upon losing the liability issue as to one Defendant on summary judgment all the Defendants ceased distribution. See Lotus Dev. Corp., 140 F.3d at 76 n.5 ("courts have exercised their discretion to tailor fee awards in light of the behavior of the parties during litigation"). The Court's reluctance to award fees for prosecuting this claim is also buttressed by the difference between the damages awarded ($5,000) and the amount of fees sought ($50,133.53). Greene v. Ablon, No. 09-10937-DJC, 2013 WL 4714344, at *9 (D. Mass. Aug. 28, 2013) (declining to award attorney's fees "where the requested awards dwarf the $19,000 recovery set by the jury"), aff'd, 794 F.3d 133 (1st Cir. 2015). Accordingly, the Court declines to award attorney's fees to the Plaintiffs with regard to their copyright infringement claim. Furthermore, in light of the foregoing and given that any award of costs is discretionary under § 505, the Court also declines to award costs to the Plaintiffs on this claim. See id.

    2. Defendants' Copyright Counterclaims

Earlier in the litigation of this matter, the Defendants asserted three counterclaims for copyright infringement against the Plaintiffs, alleging that the Defendants owned the sole copyright to certain songs pursuant to the Great Lines Operating Agreement ("Operating

Agreement"), and that the Plaintiffs had infringed these copyrights. Doc. No. 28. Ultimately, the Defendants voluntarily dismissed these counterclaims, and they contend they did so as soon as they learned through discovery that the Plaintiffs had not, in fact, signed the Operating Agreement transferring ownership of the songs. See Doc. 117, 123.

The Court concludes that an award of attorney's fees in relation to these counterclaims is unwarranted for two independent reasons. First, under § 505, the Court may award attorney's fees only to a "prevailing party." The First Circuit has not decided whether a voluntary dismissal gives rise to a "prevailing party," but it has held that a "prevailing party" in a copyright infringement action is one who has secured a judgment on the merits. Torres-Negron v. J & N Records, LLC, 504 F.3d 151, 164 (1st Cir. 2007). Here, the voluntary dismissal of the Defendants' counterclaims was without prejudice because the order dismissing the counterclaims did not state otherwise (Doc. No. 117, 123), see Fed. R. Civ. P. 41(a)(2), and a dismissal without prejudice is not a judgment on the merits. See Garcia-Goyco, 428 F.3d at 19. Because the Plaintiffs have "not received a judgment on the merits," they "cannot qualify as a prevailing party." See Torres-Negron, 504 F.3d at 164. Accordingly, the Plaintiffs are not entitled to attorney's fees under § 505 for defending against the Defendants' counterclaims.[2]

Alternatively, even if the Court were to find that the Plaintiffs are a "prevailing party," the Court would not exercise its discretion to award fees to the Plaintiffs with regard to the counterclaims. The Plaintiffs argue that an award of fees with respect to these counterclaims is appropriate because the Defendants asserted these counterclaims knowing that the Plaintiffs did

---

[2] This determination is in accord with rulings of the Ninth and Eleventh Circuits that a voluntary dismissal without prejudice does not give rise to a "prevailing party," the reasoning of which the Court finds persuasive. See Cadkin v. Loose, 569 F.3d 1142, 1149 (9th Cir. 2009) (voluntary dismissal of copyright claim without prejudice does not render opposing party a "prevailing party" entitled to attorney's fees); First Time Videos, LLC v. Oppold, 559 Fed. Appx. 931, 932 (11th Cir. 2014) (same).

5

not sign the Operating Agreement as needed to give the Defendants sole ownership of the songs at issue.  To the contrary, the Court has found previously that the Conways never informed the Defendants during their business relationship that they had not, and would not, sign the Operating Agreement.  Doc. No. 342 at 10.  Accordingly, the Defendants reasonably pursued their copyright infringement counterclaims until they determined in deposing the Plaintiffs that neither Conway had signed the Operating Agreement and, therefore, that such claims were not viable.  Five days later, the Defendants voluntarily abandoned these counterclaims.  Doc. No. 117.  In these circumstances, the Court declines to award attorney's fees to the Plaintiffs for defending against the counterclaims.  See Airframe Sys., Inc., 658 F.3d at 110 (affirming denial of attorney's fees for defending against claims where the claims were not "frivolous, improperly motivated, or objectively unreasonable," and where there was "reasonably swift resolution" of the claims).  Accordingly, the Plaintiffs' Motion for Attorney's Fees and Costs is DENIED.  Doc. No. 344.

      B.      Bill of Costs

"[I]n situations in which expenses are potentially reimbursable, district courts enjoy wide latitude in shaping the contours of such awards."  In re Fidelity/Micron Sec. Litig., 167 F.3d 735, 736 (1st Cir. 1999).  The Plaintiffs seek to recover costs for clerk fees, transcripts, and photocopies.  Doc. No. 351.  They filed a bill of costs and relevant invoices, but they did not provide any additional support for their requests.

The Court awards the Plaintiffs their clerk fees.  As to the costs for printed or electronically recorded transcripts of depositions, the Court notes that "if depositions are either introduced in evidence or used at trial, their costs should be taxable to the losing party." Templeman v. Chris Craft Corp., 770 F.2d 245, 249 (1st Cir. 1985).  Accordingly, the court

awards to the Plaintiffs the costs for transcribing the depositions of Defendants Sybil Hall and Phoenix Stone.  The Court also awards costs for transcribing the depositions of Anthony Skatell and Courtney Benson, with the exception of the $30.07 in mailing charges related to the Skatell deposition.  See Bandera v. City of Quincy, 220 F. Supp. 2d 26, 48 (D. Mass. 2002).  On the other hand, the Court declines to award the $2,778.83 that it cost to transcribe the depositions of Plaintiffs Liana Conway and Andrew Conway because in the Court's recollection the Plaintiffs did not use the depositions at trial, and the Plaintiffs have not submitted any evidence or argument on the point.

As to the photocopying costs requested, the Plaintiffs have failed to establish that these costs were necessary to the case.  See DeSaint v. Delta Air Lines, Inc., No. 13-11856-GAO, 2015 WL 4111428, at *1 (D. Mass. July 8, 2015) (where party seeks copying costs, the party "need not provide page-by-page justification," but it "must offer some evidence of necessity" of the copying) (internal quotations omitted); Osorio v. One World Techs., Inc., 834 F. Supp. 2d 20, 23 (D. Mass. 2011).  The Plaintiffs merely have submitted invoices that state the price for certain photocopying services, with no indication of what was photocopied or why doing so was necessary.  Doc. No. 351, Ex. 6-12.  Accordingly, the Court declines to award the Plaintiffs any of the $2,082.87 requested for photocopying costs.

In sum, the Court ALLOWS IN PART and DENIES IN PART the Plaintiffs' Bill of Costs (Doc. No. 351).  In light of the foregoing, the Court awards costs to the Plaintiffs in the amount of $7,404.03.

   C.  Motion to Alter the Judgment to Assess Prejudgment Interest

The Motion to Alter Judgment (Doc. No. 352) is ALLOWED as to the Plaintiffs' state law claim for negligent misrepresentation.  For the reasons discussed above for rejecting fees and

7

costs on the copyright claims, however, the Court exercises its discretion and DENIES the Motion insofar as it seeks prejudgment interest on the copyright infringement claim.

III. CONCLUSION

For the above reasons, the Motion for Attorney's Fees and Costs (Doc. No. 344) is DENIED, the Bill of Costs (Doc. No. 351) is ALLOWED IN PART and DENIED IN PART, and the Motion to Alter the Judgment to Assess Prejudgment Interest (Doc. No. 352) is ALLOWED IN PART and DENIED IN PART.  Within seven days, the parties shall file either a joint proposed amended judgment conforming to this order or advise the court that no such amended judgment is necessary.  By joining in this filing, no party waives any objection or rights of appeal.

        SO ORDERED.

        /s/ Leo T. Sorokin
        Leo T. Sorokin
        United States District Judge