DISTRICT COURT OF THE UNITED STATES

DISTRICT OF MASSACHUSETTS

ANDREW CONWAY, *et al.*,

Plaintiffs,

v.

SAM LICATA, *et al.*,

Defendants

Docket Number

1:13-cv-12193-LTS

**MEMORANDUM OF JUDGMENT CREDITORS LIANA AND ANDREW CONWAY IN SUPPORT OF MOTION TO COMPEL COMPLIANCE WITH SUBPOENA PURSUANT TO FED. R. CIV. PRO.  69**

NOW COMES the Judgment-Creditors and Plaintiffs Andrew and Liana Conway (the "Conways") and respectfully request that this Honorable Court enter an order to compel Berman DeVelario, representatives for Sam Licata, Sybil Hall, Stonehall Records, LLC and Stonehall Entertainment, LLC (collectively, the "Defendants") to comply with Conways' lawful post-judgment discovery requests under Fed. R. Civ. P. 69.

I.      **BACKGROUND FACTS**

In August of 2015, following the trial between the Conways and Defendants, the Federal Court for the District of Massachusetts entered a judgment, pursuant to the jury's

verdict on the matter between the parties. The jury found in favor of Plaintiff Andrew

Conway in the amount of $393,248 against certain Defendants for negligent representation

and in favor of Plaintiff Liana Conway for $5,000 against the Defendants for copyright

infringement. Appeals by both parties were promptly dismissed by the First Circuit Court

of Appeals.

It has been nearly a year since judgment was entered against the Defendants and

damages were awarded to the Conways. Despite this, the Defendants have avoided and

resisted every opportunity to comply with the judgment and pay the damages as awarded

by the jury and entered by the Federal Court.

The Defendants, active in the entertainment and music industry, flout their lavish

lifestyle on social media through photos and videos of international trips and junkets,

designer clothing, extravagant homes, and fancy parties. However, when the Conways

sought payment of the judgment, Defendants have resisted every opportunity to meet this

obligation as required by the Court. Additionally, Defendants withheld relevant

information about their residency and financial status, making it difficult for the Conways

to ascertain important facts necessary to aid in the collection of the judgment to which they

are owed. In the absence of detailed and thorough post judgment discovery, the Conways

will likely be unable to discover assets to satisfy their judgment.

Recently, California legal counsel for the Conways commenced suit by

domesticating the judgment, and then served a subpoena on the law firm Berman

DeValerio, counsel for the Defendants, in order to ascertain Defendants' current address

and certain financial information as so far as it relates to Defendants' financial viability,

assets, bank accounts, and ability to pay the judgment, see Exhibit 1.  This is the extent of

the scope of the subpoenas and the interest of the Conways. Berman DeValerio has since

refused to comply with any of the requests of the subpoena, citing privacy concerns about

certain information about Berman DeValerio itself. The Conways are not seeking this information of Berman DeValerio. The requests of the subpoena are limited exclusively to the account information and sources of payment for the Defendants and could be satisfied with the private information concerned Berman DeValerio being redacted. Despite this, Berman DeValerio still refuses to produce the information necessary to ascertain crucial, lawful, and relevant information about the Defendants in accordance with the Federal Rules of Civil Procedure. Berman DeValerio demanded a confidentiality Agreement that was onerous and, to say the least overly restrictive. In the event of any misuse, moreover, there would be draconian penalties associated with such agreement. The witness essentially challenges the attorneys from California as being unaware of the rules concerning usage of the information to be produced. In one such instance, the witness Berman DeValerio claims that the attorneys will publish the "confidential information" relating to the bank accounts on the front page of the "LA Times". Predictably, counsel for the Judgment creditors declined to sign such an agreement, see affidavit of David Given, Exhibit 2.

II.   **LEGAL ARGUMENT**

   a.   **The Conways, As Judgment-Creditors, Are Entitled to Discovery**

Judgment enforcement discovery is authorized by Federal Rule of Civil Procedure 69, which contains broad language regarding the rights of judgment creditors to obtain discovery from any person in aid of execution. *See* Fed. R. Civ. P. 69(a)(2). In addition, Rule 69(a)(2) expressly incorporates all of the discovery rules in the Federal Rules of Civil Procedure. Pursuant to Rule 26(b)(1), relevance includes all information "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). See also *GFL Advantage Fund, Ltd. v. Colkitt*, 216 F.R.D. 189, 194 (D.D.C. 2003).

The Conways presently seek the facts that relate to Defendants' financial condition so that Judgment can be satisfied. "Liberal discovery is afforded to judgment creditors under Federal Rule of Civil Procedure 69(a)(2), which provides that a judgment creditor

'may obtain discovery from any person' in aid of the judgment or execution." *Lumber Liquidators, Inc. v. Sullivan*, 939 F. Supp. 2d 57 (D. Mass. 2013) (quoting *Clear One Communications, Inc. v. Chiang*, 276 F.R.D. 402, 404 (D.Mass.2011)). "The presumption is in favor of full discovery of any matters arguably related to a creditor's efforts to trace a debtor's assets and otherwise to enforce its judgment." *Id.*

b. **Berman DeVelario Has Refused to Comply with Subpoena Requests**

In their response to subpoenas served by the Conways and subsequent communication between the parties, Berman DeValerio has misrepresented both the information sought by the Conways and the way in which the information is intended to be used.

In the present case, the Conways seek information from Berman DeValerio strictly as it relates to the whereabouts and financial situation of the Defendants in service of the enforcement and satisfaction of the judgment ordered by this Honorable Court. Case law is clear that Rule 69 discovery may "be aimed at nonparties who have information, including financial records," related to the judgment debtor's assets. *Universitas Edu., LLC v. Nova Group, Inc.*, 2013 WL 3328746, *4-5 (S.D.N.Y. July 2, 2013). See also *NML Capital Ltd. v. Republic of Argentina*, 2014 WL 3898021, *4 (D. Nev. Aug. 11, 2014). As the subpoena clearly indicates, documents regarding the financial relationship between Defendants and Berman DeValerio, their counsel, is relevant and illuminating information to the Conways' effort to satisfy the judgment.

The subpoena served by the Conways on Berman DeValerio seeks specific information such as Defendants' current address and certain bank information to ascertain which bank accounts Defendants used to pay for Berman DeValerio's services. It is not uncommon, in circumstances such as these, for debtors to transfer assets to third parties and

accounts to avoid the obligation to satisfy judgment. It is the Conways' right, under the law, to discover such information about Defendants' financial status.

Berman DeValerio responded to the subpoenas with broad objections, including that the requests were "overly burdensome," "protected by attorney-client privilege," and "protected by the work product doctrine." However, Berman DeValerio refused to provide information as to financial transactions including bank accounts, wire transfers, and third parties unless the parties signed a broad confidentiality agreement. The terms of the requested confidentiality agreement includes unreasonable restrictive provisions and misrepresented insinuations about the Conways intended use of the information. As repeatedly stated in the subpoena and communication between the parties, the Conways have no interest in private information about Berman DeValerio's finances and do not object to the redaction of the information about Berman DeValerio that the firm feels to be sensitive and unrelated to the matter at hand.

The proposed confidentiality agreement also includes provisions restricting the Conways' use of the information to be provided. The information is needed for routine uses such as court filings, notices of levy, writs of execution, and memoranda of garnishee in the course of the Conways' effort to satisfy the judgment. It is entirely improper and unjust for Berman DeValerio to require the Conways to sign an agreement that would restrict their use of the information they lawfully seek. In seeking this restrictive provision, Berman DeValerio cites an errant mistake by the Conways' counsel that occurred during the litigation where the Conways' counsel mistakenly published sensitive information. This was addressed and fixed as soon as counsel realized their mistake and Defendants suffered no harm as a result. This singular mistake that occurred over the course of thousands of documents and filings throughout the litigation that spanned several years is unrelated to the present subpoena. In addition, the witness suggests in an email that David Given would publish the check information in a national publication such as a newspaper. The Plaintiffs

have no such intention to engage in that practice and Daryl Andrews' suggestion that the Conways would engage in such a practice is without basis in fact. Given the specified nature of the subpoena requests and the Conways' willingness to redact any sensitive Berman DeValerio information, it is wholly improper to insinuate that the Conways' counsel would have improper motives or usage of the information. Such inflammatory insinuations act only to impede the Conways' ability to have the execution of the judgment satisfied.

### III.    CONCLUSION

In finding for the Conways and entering a judgment against the Defendants, the jury and Federal Court awarded damages to the Conways to rectify their substantial harm. Here, the Conways seek to compel discovery of information related to the execution of the lawful post-judgment discovery requests pursuant to Fed. R. Civ. P. 69. Berman DeValerio, counsel for the Defendants in the action, possess illuminating and relevant information to tracing Defendants' assets and satisfying the judgment. Presumption should be in favor of full discovery and, here, in the interest of justice, fairness, and efficient satisfaction of judgment. the discovery requested by the Conways' must be compelled.

Respectfully submitted,

ANDREW CONWAY and LIANA CONWAY.,

by their attorney,

/s/ Jeffrey S. Baker
Jeffrey S. Baker
BBO No. 544929
Baker & Associates
Two West Hill Place, Suite 100
Boston, MA 02114
Ph: 617-573-9505
Fax: 617-573-9503
E-mail: bakerlaw@aol.com   Date: May 18, 2016