AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| Andrew Conway, et al., <br> *Plaintiff* <br> v. <br> Sam Licata, et al. <br> *Defendant* | ) ) ) ) ) ) ) Civil Action No. 2:16-mc-00004-UA |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Custodian of Records, Berman Devalerio, One Liberty Square, Boston, MA 02109

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A, attached hereto.

| Place: Baker & Associates, P.C. <br> Two West Hill Place, Suite 100 <br> Boston, MA 02114 | Date and Time: <br> 05/04/2016 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   04/04/2016

*CLERK OF COURT*

_____   OR   _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Plaintiffs
Andrew Conway and Liana Conway                                , who issues or requests this subpoena, are:
David Given; 39 Mesa Street, Suite 201, San Francisco, CA 94129; dmg@phillaw.com; (415) 398-0900

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:16-mc-00004-UA

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* Berman Devalerio

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$  40.00  .

My fees are $  0.00  for travel and $  0.00  for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.

Date: _____         _____
                                                *Server's signature*

                                                _____
                                                *Printed name and title*

                                                _____
                                                *Server's address*

Additional information regarding attempted service, etc.:

Case 1:13-cv-12193-LTS   Document 379-2   Filed 05/18/16   Page 3 of 9

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Conway et al. v. Licata, et al.
United States District Court
Central District of California
No. 2:16-mc-00004-UA

Subpoena Duces Tecum to Berman Devalerio

### Exhibit A

<u>INSTRUCTIONS</u>

In responding to this subpoena, the following instructions apply:

1. The singular form of a word includes the plural form of that word and vice versa.

2. The conjunctions "and" and "or" shall each be individually interpreted in every instance as meaning "and/or" and shall not be interpreted disjunctively to exclude any information otherwise within the scope of any specification.

3. Pursuant to Rule 45 (text of which is attached to this subpoena), all documents and tangible things that are responsive to this subpoena must be produced if they are in your "possession, custody, or control."

    a. You are instructed that possession, custody, or control includes constructive possession; therefore, your ability to produce the documents and tangible items requested herein is not affected by you not having actual physical possession of such items.

    b. As long as you have a right to possess the subpoenaed items or a right to compel the production of such items from a third party (including any person, entity, agent, governmental body or agency, or representative), you have possession, custody, or control.

4. Pursuant to Rule 45, the requests herein specifically include electronically stored information.

5. Requests for computer files, or any other electronic or magnetic documents, data, or other electronically stored information specifically include requests for all meta-data to said computer files, documents, data, or information.

6. Production of any electronically stored information shall be in a format which is accessible, readable, and searchable via a PC running Windows (as opposed to an Apple or Mac device).

7. Any request for production of documents includes the file or files in which the documents are contained or compiled. The request further includes all copies of any particular document that varies in any material way from the original, e.g., all documents with written notations, highlighting, or marking thereon, or attached thereto, including the color of any such notations, marking, or highlighting. Requests include all document drafts.

8. Unless otherwise specified, the time period applicable to any request is from September 4, 2013 to and including the present.

9. If any request for documents is deemed to call for the production of privileged or work product materials and such privilege or work product is asserted, identify in writing each document so withheld and provide the following information:

   a. the reason for withholding the document;

   b. a statement of the basis for the claim of privilege, work product, or other ground of nondisclosure;

   c. a brief description of the document, including

      1. the date of the document;

      2. number of pages, attachments, and appendices;

      3. the names of its author(s) or preparer(s) and an identification by employment and title(s) of such person(s);

      4. the name of each person(s) who was sent, shown, or received blind or carbon copies of the document, has had access to or custody of the document, together with an identification of such person(s)

      5. the present custodian(s); and

      6. the subject matter of the document, and in the case of any document relating or referring to a meeting or conversation, identification of such meeting or conversation.

10. If it is claimed that any portion of any document is privileged, work product, or otherwise protected from disclosure and such privilege or work product is asserted, identify such portion by its subject matter and state with particularity the facts and grounds constituting the nature and basis for any such claim or privilege, work product or other ground for nondisclosure. Any portion of any document to which you do not claim privilege shall be produced in full.

11. If any document requested herein was at one time in existence, but has been lost, discarded, or destroyed, identify such document as completely as possible, providing as much of the following information as possible:

   a. the type of document;

   b. its date;

   c. the date or approximate date it was lost, discarded, or destroyed;

   d. the circumstances and manner in which it was lost, discarded, or destroyed;

    e.    the reason or reasons for disposing of the documents (if discarded or destroyed);

    f.    the identity of all persons authorizing or having knowledge of the circumstances surrounding the disposal of the document;

    g.    the identity of the person(s) who lost, discarded, or destroyed the document; and

    h.    the identity of all persons having knowledge of the contents thereof.

## DEFINITIONS

1. "ANY" and "ALL" means "any and all."

2. "COMMUNICATION" means any instance in which words or information are transferred or transmitted between two or more persons by whatever manner or means, and regardless of how or by whom the communication was initiated, including but not limited to mail, email, text messages, voicemail, audio or video recording, and any other form of communication.

3. "EACH" shall be construed to include the word "ANY." "ANY" shall be construed to include the word "EACH."

4. "DOCUMENT" or "DOCUMENTS" has the broadest possible meaning accorded to it under Fed. R. Civ. P. 45, including but not limited to the original and any and all copies of handwriting, typewriting, printing, photostating, photographing, audio or video recording, and every other means of recording upon any tangible thing and form of COMMUNICATION or representation, including letters, words, pictures, sounds, video, or symbols or combinations of them. "DOCUMENT" also includes COMMUNICATIONS recorded, stored, and/or transmitted electronically by means of, without limitation, computers, cell phones, and hand-held digital devices (such as smart phones), such as emails, voicemail, and/or data stored as jpeg or mpeg files.

5. "DEFENDANT" or "DEFENDANTS" refer, individually and collectively, to Defendant(s) in the MA LAWSUIT and the CDCA ACTION, including but not limited to: Sam Licata (a/k/a Phoenix Stone); Sybil Hall (a/k/a Sybil Licata); Stonehall Entertainment, LLC; Stonehall Merchandise, LLC; Stonehall Music Publishing, LLC; Stonehall Records, LLC; Stonehall Television, LLC; and Stonehall Touring, LLC.

6. "MA LAWSUIT" refers to *Conway et al. v. Licata, et al.*, United States District Court, District of Massachusetts, Case No. 1:13-cv-12193-LTS (filed September 4, 2013, final [Amended] Judgment entered November 11, 2015) in which YOU represented DEFENDANTS.

7. "CDCA ACTION" refers to the judgment enforcement action for which this subpoena issues, *Conway et al. v. Licata et al.*, United States District Court, Central District of California, Case No. 2:16-00004-UA (filed January 20, 2016).

8. "OR" means "and/or."

9.  "RELATING TO" means and includes arising from, discussing, summarizing, comprising, constituting, describing, reflecting, containing, including, referring to, depicting, connected with, embodying, evidencing, concerning, reporting, or involving an act, occurrence, event, transaction, fact, thing, or course of dealing.

10. "YOU" and "YOUR" mean and refer to Berman Devalerio, its partners, officers, affiliates, subsidiaries, agents, successors- and/or predecessors-in-interest, and any person or entity acting for or on behalf of any of these entities.

DOCUMENTS TO BE PRODUCED

**REQUEST FOR PRODUCTION NO. 1:**

DOCUMENTS sufficient to show Sybil Hall and Sam Licata's current address(es).

**REQUEST FOR PRODUCTION NO. 2:**

DOCUMENTS sufficient to show Sybil Hall and Sam Licata's last known address(es).

**REQUEST FOR PRODUCTION NO. 3:**

ANY DOCUMENTS RELATING TO payments made to YOU for legal services YOU rendered to DEFENDANTS.

**REQUEST FOR PRODUCTION NO. 4:**

DOCUMENTS sufficient to identify ALL bank accounts from which YOU received payments for legal services rendered to DEFENDANTS. Such DOCUMENTS shall include the name of the bank, the account number, routing number, address of the bank branch in which the account originated, the name(s) of the account holder(s), the date upon which the account was opened and closed, and any other information about the bank account which would help identify and locate that bank account.

**REQUEST FOR PRODUCTION NO. 5:**

DOCUMENTS sufficient to identify ALL credit cards from which YOU received payments for legal services YOU rendered to DEFENDANTS. Such DOCUMENTS shall include the name of the credit card company/ies, the credit card number(s), the name(s) of the card holder(s), the date(s) upon which the credit card was issued and/or expired, and any other information about the credit card account(s) which would help identify and locate that or those account(s).

**REQUEST FOR PRODUCTION NO. 6:**

DOCUMENTS sufficient to identify ALL third parties from which YOU received payments for legal services YOU rendered to DEFENDANTS. Such DOCUMENTS shall include the name of any such third party, their current address, and any other information about the third party which would help identify and locate that third party.

**REQUEST FOR PRODUCTION NO. 7:**

DOCUMENTS sufficient to identify ALL bank or other wire transfer payments from which YOU received payments for legal services YOU rendered to DEFENDANTS. Such DOCUMENTS shall include the name of the originating bank(s), the originating account number(s), the name(s) of the account(s), the amount(s), the date(s) on which any such payment(s) was/were made, and any other information about the account(s) which would help identify and locate the account(s).

# AFFIDAVIT
(Pursuant to California Evidence Code 1561 & 1271)

Check #
File #

READ, SIGN, DATE, ATTACH TO YOUR RECORDS, AND SUBMIT TO DEPOSITION OFFICER:

Title of Case: Conway v. Hall, et al, Case No. 2:16-mc-00004
Attorney for RESPONDENT:

DATE OF DEPOSITION:
RECORDS PERTAINING TO: See Exhibit A, attached to Subpoena

I, THE UNDERSIGNED, BEING THE DULY AUTHORIZED CUSTODIAN OF THE RECORDS AND HAVING THE AUTHORITY TO CERTIFY THE RECORDS DECLARE THE FOLLOWING: THE ATTACHED ARE THE RECORDS OF .                        AND THAT THESE RECORDS ARE KEPT IN THE REGULAR COURSE OF BUSINESS AND SUCH BUSINESS IS A TYPE OF BUSINESS IN WHICH IT IS CUSTOMARY TO KEEP SUCH RECORDS; THE RECORDS WERE PREPARED BY PERSONNEL OF THE BUSINESS WITH ACTUAL KNOWLEDGE OF THE MATTERS STATED IN THE RECORDS AND THAT THE ENTRIES CONTAINED IN THE ATTACHED RECORDS WERE MADE AT OR NEAR THE TIME OF THE ACTS, CONDITIONS OR EVENTS DESCRIBED.

TRUE COPIES
☐ Pursuant to Evidence Code Section 1560(b) the attached copy is a true, legible and durable copy of the records described in the Subpoena.

ORIGINAL RECORDS
☐ Pursuant to Evidence Code Section 1560(e) the original records described in the Subpoena were delivered to the attorney or the attorney's representative for copying at the witness' place of business.

CERTIFICATION OF NO RECORDS
☐ That a thorough search of our files revealed no documents, records or other materials called for in the Subpoena and that no such records exist with the information provided. (Please give a detailed explanation.) _____

☐ Requested records existed at one time but have since been purged.
☐ Records do not exist for the time frame specified.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF CALIFORNIA THAT THE FOREGOING IS TRUE AND CORRECT.

SIGNATURE _____

PRINTED NAME _____

TITLE _____ PHONE # _____

Executed on _____ at _____

IN REPLY PLEASE REFER TO

AFFIDAVIT OF PROFESSIONAL PHOTOCOPIER
SECTION 22462 of Business and Professions Code.

I solemnly affirm that I am the attorney's representative and that I made true copies of all the original records delivered to me by the Custodian of Records of the within named location, and these records will be distributed to the authorized persons or entities.

Executed on _____

At _____

Signature _____



AFFIDAVIT

dquichocho / AFFIDAVI