DISTRICT COURT OF THE UNITED STATES

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANDREW CONWAY, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> SAM LICATA, *et al.*, <br><br> Defendants | Docket Number <br><br> 1:13-cv-12193-LTS |

**AFFIDAVIT OF DAVID GIVEN IN SUPPORT OF MOTION TO COMPEL**

I, David Given, on personal knowledge, information and belief, on oath, depose and state the following:

1. I am an attorney licensed to practice law in the State of California.  I am member in good standing in the California bar since 1989;

2. I am an attorney licensed to practice law in the State of New York.  I am a member in good standing in the New York bar since 1987;

3. I graduated from Cornell University in   with a B.A. in French in 1983;

4. I graduated from University of Virginia law school in 1986;

5.      I am a partner in the law firm of Philips Erlewine, Given and Carlin. The firm is located in San Francisco;

6.      The firm specializes in commercial litigation, and intellectual property with a concentration in the music industry,

7. I am familiar with the rules of Court, including the local rules for the Federal District Court in California;

8. The Defendants reside upon information and belief in California and have refused to pay the judgment off;

9. The Defendants have rebuffed all efforts, moreover, by us to collect on the judgment;

10.  I served a subpoena in accordance with Fed. R. Civ. Pro. 69 on the law firm of Berman DeValerio, seeking g information relating to the assets and bank accounts of the Defendants;

11.     The witness has refused to produce any such documents, instead interposing unreasonable demands for a confidentiality agreement and for penalties in the event of any violation, see emails annexed hereto;

12.  In furtherance of my attempts to be reasonable and to work out the production of the documents, I called the law firm and spoke to an attorney the firm named Daryl Andrews. Attorney Baker participated in the conference call as well. Attorney Andrews steadfastly refused to produce any requested documents;

13.  These demands are unreasonable and exceed the bounds of what may be required under the law;

14.  We intend to use the information called for by the subject subpoena for the purpose of collecting on and satisfying the underlying monetary judgment originally rendered in this Court;

This under the pains and penalties of perjury this 18th day of May, 2016.

/S/ David Given

_____

David Given

**From:** Daryl Andrews
**Sent:** Friday, May 06, 2016 3:17 PM
**To:** bakerlaw@aol.com
**Cc:** Glen DeValerio <gdevalerio@bermandevalerio.com>
**Subject:** RE: Conway Subpoena Response

Jeff,
These are some initial thoughts of items we would want to see in a confidentiality agreement.  I haven't been able to run this by all the partners here though and, as you can imagine, they will probably all want to make sure we are protected, so we may have other demands.

We seek the following:
- To protect sensitive information, such as financial and bank account information, and all information derived from the produced information on our clients' and our behalf.
- To redact highly confidential information, such as an bank information of Berman DeValerio and amounts paid to Berman DeValerio.
- A provision that any documents we produce will not be made public in any fashion whatsoever, including filing with ANY court unless the owner of the information is notified and the information is filed under seal and removed from the court 90 days after final disposition.
- A provision providing that the information will only be used in the current action and is for attorneys' eyes only – and each attorney viewing the information must sign an undertaking that will then be sent to us.
- No copies of the information will be made.
- A provision which provides that damages will be paid to the owner of the information should the confidentiality agreement be breached.

**From:** David M. Given [mailto:DMG@phillaw.com]
**Sent:** Tuesday, May 10, 2016 4:01 PM
**To:** Daryl Andrews <dandrews@bermandevalerio.com>
**Cc:** Glen DeValerio <gdevalerio@bermandevalerio.com>; bakerlaw@aol.com
**Subject:** RE: Conway Subpoena Response

Daryl –

As I told you just now, we have no interest in information pertaining to your law firm, so you can redact from whatever you produce to us that's responsive to the subpoena to your law firm that information, i.e., your firm's bank account numbers, wire and routing instructions, amounts due and owing to your firm, etc.

The balance of these requirements are totally unacceptable.  The information called for in our subpoena is in service of enforcement and satisfaction of Judge Sorokin's judgment in the case your firm defended.  (As you know, that judgement has been domesticated in the Central District of California, where the judgment debtors apparently currently reside.)  Of course that information is going to be used in court filings, notices of levy, writs of execution, memoranda of garnishee, etc.  We are not going to agree to anything that bounds us in any way in furtherance of such use -- i.e., getting approval in advance to file our legal paperwork, filing under seal, etc.

I urge you to please reconsider your law firm's position and comply with the outstanding subpoena on it by COB tomorrow.  All rights reserved.  DG

> David M. Given
> **PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP**
>
> 39 Mesa Street, Suite 201
> The Presidio
> San Francisco, CA 94129

Tel: 1 (415) 398-0900
Fax: 1 (415) 398-0911
dmg@phillaw.com
www.phillaw.com

PRIVILEGED COMMUNICATION AND CONFIDENTIALITY NOTICE: This communication with its contents, materials, and attachments contains confidential information. It is solely for the use of the intended recipient(s). Recipient(s) is not to share or forward any such information without written consent from Phillips, Erlewine, Given & Carlin LLP.  Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. Furthermore, if the intended recipient is a client, this communication is protected by the ATTORNEY-CLIENT PRIVILEGE. If you are not the intended recipient, please contact Phillips, Erlewine, Given & Carlin LLP and the sender and destroy all copies of the communication.

-----Original Message-----
From: Daryl Andrews <dandrews@bermandevalerio.com>
To: David M. Given <DMG@phillaw.com>
Cc: Glen DeValerio <gdevalerio@bermandevalerio.com>; bakerlaw <bakerlaw@aol.com>
Sent: Wed, May 11, 2016 4:13 pm
Subject: RE: Conway Subpoena Response

David,

Thank you for agreeing to protect Berman DeValerio's information.

As I mentioned to you, given the history of these parties, I'd like a provision that documents will only be used in furtherance of the collection action.  I see no legitimate reason to publish in a national newspaper (or by any medium) copies of checks from the Defendants to Berman DeValerio, as you have implied would be your right.  I have proposed language to you that would achieve our goals of preventing such unreasonable use and I ask that if you would like different language that allows you to reasonably accomplish the collection of judgment, then please propose such to me.

Given that you were unaware of the rules requiring you to redact bank information before filing any documents in Court and that your clients have actually filed the Defendants' unredacted bank information in the MA Action, I am unwilling to compromise on the requirement that you inform us or the Defendants before filing such documents and that you file such documents under seal.  For this same reason, I am unwilling to compromise on a liquidated damages provisions.  There have been far too many instances in this case of financial information being "mistakenly" published.

Daryl